18208

The STATE, Respondent, v. James Albert ATKINS, Allen Craigo and Jimmy Maw, Appellants

(136 S. E. (2d) 298)

*Messrs. Rex L. Carter, William I. Bouton, Rodney A. Culbertson* and *James R. Mann,* all of Greenville, *for Appellants,*

*C. Victor Pyle, Esq., County Solicitor,* of Greenville, *for Respondent.*

May 6, 1964.

BRAILSFORD, Justice.

The defendants were convicted of receiving stolen goods and they have appealed.* The sole exception charges that the court "erred in failing to grant a directed verdict of not guilty as to each defendant, the

---

\* The case against the defendant Maw has been dismissed by an order of the county court.

error being that the evidence was insufficient to establish the guilt of the defendants." Absent challenge by the State, we have disregarded the generality of this exception (*Shell v. Brown,* 243 S. C. 380, 134 S. E. (2d) 214) and have examined the testimony in the light of defendants' argument. We have no hesitancy in concluding that the evidence, to which we refer below, required submission of the case to the jury.

Between sundown on June 29, 1963, and sunrise on June 30, the G. J. Howard liquor store in the City of Greenville was broken into and liquor of the value of $435.00 was stolen. It is inferable from the evidence that the defendants were in possession of a quantity of this liquor, 75 to 90 bottles of assorted sizes, before daylight on the morning of June 30. At dawn, they aroused a neighbor, one Charles Gillespie, from bed and, with his permission, stored part of the whiskey in a vacant apartment of which he had custody. They told him "they had got it from a boy over at the depot and they wanted to leave it there until they could sell it or they would move it away from there." The defendants then took the remainder of the liquor to the home of another neighbor, one Christmas. Although they both lived in the same neighborhood, they did not take any of the liquor to their own residences. The defendants were arrested at the Christmas residence at about eight o'clock on the morning of June 30.

The arresting officers recovered the liquor which had been taken by the defendants to the Christmas home and that which they had left at the Gillespie apartment. Both lots were identified as having come from the Howard store by labels attached to some of the bottles. The absence of labels from other bottles was accounted for by the practice at the store of affixing identifying labels on bottles displayed for sale, but not on those which were in original cases.

The defendants told the investigating officers that they had bought the liquor from a stranger at the Southern

Depot for the sum of $30.00; that this man had had the liquor in a red 1956 Oldsmobile.

The only point argued in support of the appeal is the claimed insufficiency of the evidence to establish that defendants received the liquor *knowing that it was stolen,* which is an essential element of the offense.

Guilty knowledge is seldom susceptible of proof by direct evidence and may be proved by circumstances from which such knowledge may be inferred. *State v. Atkins,* 205 S. C. 450, 32 S. E. (2d) 372; *State v. White,* 211 S. C. 276, 44 S. E. (2d) 741. Here an assortment of stolen liquor was acquired, late at night, from a stranger with no apparent authority to possess or dispose of it, in violation of the liquor law, at a mere fraction of its selling price, at an unorthodox place, with no inquiry as to its source. These circumstances and the defendants' conduct afterward, which has been recited, required submission of the issue to the jury. Defendants' contention that the circumstances do not prove guilt beyond a reasonable doubt goes to the weight of the evidence and is beside the point on this appeal from the court's refusal to direct a verdict.

"* * * Whether the evidence adduced fulfills the requirement of the rule of evidence that all the facts and circumstances must be consistent with the guilt of the accused, and inconsistent with his innocence, is a question that goes to the weight of the evidence, and is clearly for the determination of the jury, as the triers of the facts, under appropriate instructions of the court.

"Under the well-settled rule, unless there was a total failure of competent evidence tending to establish the charge laid in the indictment, the trial court's rulings upon motions of this character may not be impeached for error of law, the only class of errors which in a law case this court has power to correct. * * *" *State v. Roddy,* 126 S. C. 499, 120 S. E. 359.

The sharp difference between the test to be applied
■ to circumstantial evidence by a jury in determining
the question of guilt or innocence of the accused
and that to be applied by the trial judge in considering a
motion by the accused for a directed verdict is aptly stated
in *State v. Littlejohn,* 228 S. C. 324, 89 S. E. (2d) 924.
As to the latter, we quote:

"* * * But on a motion for direction of verdict, the trial
judge is concerned with the existence or non-existence of
evidence, not with its weight; and, although he should not
refuse to grant the motion where the evidence merely raises
a suspicion that the accused is guilty, it is his duty to sub-
mit the case to the jury if there be any substantial evidence
which reasonably tends to prove the guilt of the accused,
or from which his guilt may be fairly and logically deduced."
89 S. E. (2d) 926.

See also *State v. Graham,* 237 S. C. 278, 117 S. E. (2d)
147.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.