23433

Napolean DUPREE, Petitioner v. STATE of South Carolina, Respondent.

(408 S.E. (2d) 215)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey of the South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, and Staff Attys. Marshall Prince and Lisa G. Jefferson, Columbia, for respondent.*

Submitted May 21, 1991.

Decided July 22, 1991.

GREGORY, Chief Justice:

Petitioner was convicted of receiving stolen goods and sentenced to ten years imprisonment. His direct appeal was dismissed after review pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967). He now appeals the denial of post-conviction relief (PCR).

At trial, the State produced evidence that forty-two video cassette recorders (VCRs) were stolen from a boxcar in a railroad yard. Two of these VCRs were recovered and traced to petitioner. After a suppression hearing, the trial judge admit-

ted petitioner's statement into evidence. According to this statement, petitioner helped some friends pick up nearly twenty VCRs hidden in the bushes near a railroad track. In exchange for his help, petitioner was given three VCRs, two of which he sold.

At the PCR hearing, petitioner claimed he told his lawyer that Sergeant Pierce, who arrested him, had threatened to "keep putting charges on him" and that he would pay someone to testify against petitioner if petitioner refused to give information about the VCRs. The record indicates that at the suppression hearing Sergeant Pierce testified no threats were made, but he admitted petitioner refused to sign an acknowledgement his statement was voluntary. Petitioner contends counsel was ineffective because he failed to pursue at the suppression hearing the issue whether the alleged threats rendered petitioner's statement involuntary.

Counsel testified at the PCR hearing that petitioner had in fact told him about these threats by Sergeant Pierce. Counsel could not recall if the threats had allegedly been made at the time of petitioner's interrogation.

■ To establish a claim of ineffective assistance of counsel, petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that but for counsel's error, there is a reasonable probability the result of the trial would have been different. *Martinez v. State,* — S.C. —, 403 S.E. (2d) 113 (1991).

■ Applying an objective standard of reasonableness, we find counsel's performance was deficient in failing to pursue the issue of the alleged threats of which he undisputedly had knowledge. In light of petitioner's claim he was threatened and the evidence he refused to sign an acknowledgment his statement was voluntary, we find there is a reasonable probability the trial judge would have found the State failed to prove the voluntariness of petitioner's statement by a preponderance of the evidence. *See State v. Childs,* 299 S.C. 471, 385 S.E. (2d) 839 (1989).

Petitioner's statement contained the only evidence from which his guilty knowledge could be inferred and was therefore crucial evidence to prove an essential element of the crime of receiving stolen goods. *See State v. Atkins,* 244 S.C. 213, 136 S.E. (2d) 298 (1964). We conclude there is a reason-

able probability the result of the trial would have been different had petitioner's statement been suppressed. Accordingly, the denial of PCR is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.