**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marquis Evans, Appellant.

Appellate Case No. 2013-000197

———————

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-131
Heard December 16, 2013 – Filed March 26, 2014

———————

**AFFIRMED**

———————

Russell Warren Mace, III, and Amy Kristan Raffaldt, both of The Mace Law Firm, of Myrtle Beach, for Appellant.

Attorney General Alan Wilson and Assistant Attorney General Jennifer Ellis Roberts, of Columbia, for Respondent.

———————

**PER CURIAM:** Marquis T. Evans appeals his conviction for knowingly receiving stolen goods, arguing that the circuit court erred in: (1) denying his

motion for directed verdict based on a lack of evidence that he knew the property was stolen; (2) admitting improper hearsay testimony; (3) denying his motion for a new trial; and (4) incorrectly charging the jury with the elements for receiving stolen goods. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Evans's motion for directed verdict: S.C. Code § 16-13-180 (A) (Supp. 2013) ("It is unlawful for a person to buy, receive, or possess stolen goods, chattels, or other property if the person knows or *has reason to believe* the goods, chattels, or property is stolen." (emphasis added)); *State v. Martin*, 340 S.C. 597, 602, 533 S.E.2d 572, 574 (2000) ("In reviewing the appeal of a refusal to grant a directed verdict of not guilty, this [c]ourt must look at the evidence in the light most favorable to the State."); *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial circumstantial evidence* reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury." (emphasis added)); *State v. Atkins*, 244 S.C. 213, 216, 136 S.E.2d 298, 299 (1964) (noting in cases where the defendant is charged with receiving stolen goods, "[g]uilty knowledge is seldom susceptible of proof by direct evidence and may be proved by circumstances from which such knowledge may be inferred").

2. As to Evans's hearsay argument: *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912 (Ct. App. 2004) ("'It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.'"); *State v. Patterson*, 324 S.C. 5, 18, 482 S.E.2d 760, 766 (1997) (finding when the circuit court agreed with a defendant's objections, but the defendant failed to move to strike or request a curative instruction, the issue was not preserved for review); *State v. McFadden*, 318 S.C. 404, 410, 458 S.E.2d 61, 65 (Ct. App. 1995) (finding that when a witness gives objectionable testimony and an objection is subsequently interposed and sustained, the issue is not preserved for appeal unless the objecting party moves to strike the testimony).

3. As to Evans's motion for a new trial: *State v. Prince*, 316 S.C. 57, 63, 447 S.E.2d 177, 181 (1993) ("It is well settled that the grant or refusal of a new trial is within the discretion of the [circuit court] and will not be disturbed on appeal absent a clear abuse of that discretion."); *id*. ("[W]here there is competent evidence

to sustain the jury's verdict, the [circuit court] may not substitute [its] judgment for that of the jury.").

4.     As to Evans's jury charge argument: Rule 20(b), SCRCrimP (noting the "[f]ailure to object [to jury instructions] shall constitute a waiver of objection"); *State v. Whipple*, 324 S.C. 43, 52, 476 S.E.2d 683, 688 (1996) (noting that the "failure to object to the charge as given, or to request an additional charge when given an opportunity to do so constitutes a waiver of his right to complain on appeal").

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**