16270

STATE v. WHITE
(55 S. E. (2d) 785)

*Messrs. Nicholson & Nicholson,* of Greenwood, *for Appellant,*

*Mr. Hugh Beasley, Solicitor,* of Greenwood, *for Respondent,*

October 28, 1949.

FISHBURNE, Justice.

The appellant Frank White, was jointly indicted with his employee, one Cecil Crisler, and charged with the unlawful storing of alcoholic liquors in his place of business at Calhoun Falls, South Carolina, in violation of Act 211, 1945, Section 14(c), 44 Stat. at Large, Page 352. When the case came on for trial, Crisler pleaded guilty. The appellant, White, was found guilty by the jury, and the court sentenced each of them to serve a term of two years imprisonment.

The first question raised by the appeal presents the issue that the court erred in overruling the motion for a directed verdict of not guilty, which was based upon the ground that the evidence offered by the State was not sufficient to convict.

Appellant owned and operated three poolrooms: One at South Greenwood and one at Ninety Six, in Greenwood County, and the one in question at Calhoun Falls, in Abbeville County. The latter place was in charge of his employee, Cecil Crisler, who devoted his entire time to its management. In connection with the poolroom beer was sold under a license duly issued by the Tax Commission.

On Saturday, February 5, 1949, the Chief of Police of Calhoun Falls, together with S. B. Cann and R. P. Clinkscales, deputy sheriffs of Abbeville County, went to the poolroom with a search warrant to search for certain stolen merchandise. They found the stolen goods, and while engaged in this search they discovered one full case of liquor containing forty eight half pints, and another case containing eleven half pints. The serial numbers on these cases of liquor showed that the whiskey in question came from the retail liquor store of J. L. Cook, Jr., at Greenwood. The officers arrested Crisler and placed him in the county jail. On the same afternoon, when appellant came to the sheriff's office at Abbeville to arrange bond for Crisler, charges were likewise preferred against him for having in possession and storing alcoholic liquors in his place of business; whereupon he gave bond for his appearance in court.

The liquor was stored in a small room which was locked, at the rear of the poolroom. In this room, which was used by Crisler as 'a bedroom, the officers also found a cot, a pillow, and three quilts.

While he was being taken from Calhoun Falls by the arresting officers to Abbeville, Crisler told them upon inquiry that the whiskey belonged to appellant, White, and that White had brought it to the poolroom the afternoon before,

—that is, on February 4, 1949. This statement was testified to by Deputy Sheriffs Cann and Clinkscales and was received without objection by the attorney who represented the appellant on his trial. Counsel who now represents appellant on this appeal stresses the fact that it was hearsay testimony and questions its probative weight.

Appellant's counsel cross-examined the State's witnesses, Clinkscales and Cann, on this specific point, and fully brought out on the cross-examination what they had already testified to,—that is, that the employee, Crisler, told them that the appellant, White, had brought the whiskey in question to the poolroom on Friday afternoon.

This poolroom at Calhoun Falls had not been in operation very long. Crisler, who was sworn as a witness for the defense, stated that he had been working there about three weeks. It was appellant's custom to visit this poolroom at Calhoun Falls every week-end, and while there he would assist in conducting the business and making himself useful. He testified that on Friday, February 4th, which was the day before the officers seized the whiskey, he drove to this poolroom in his car from his home in South Greenwood, and while there he loaned the car to Crisler, who did not own an automobile. Crisler in pleading guilty, and assuming responsibility for the presence of the liquor in the place of business, testified that he bought the full case of liquor on this February 4th when he borrowed appellant's automobile, and the half case of liquor in December, 1948. He said that he drove forty-one miles to Greenwood (passing through the city of Abbeville, where there are several liquor stores) and purchased it from the retail liquor store of J. L. Cook, Jr. He did not know on what street the Cook store was located, but claimed that he could find this particular store, and knew where it was. That he returned to Calhoun Falls with the full case of liquor Friday afternoon; and, according to his testimony, appellant, who had been left in charge of the poolroom, was not there upon his arrival, but was eating his

supper in a nearby cafe. Crisler testified that appellant did not see him unload the liquor and take it into the back room of the pool hall, had no interest in it, and knew nothing about it.

In his testimony, appellant stated that he was well acquainted with the Cook Retail liquor store, and that it was on his direct route when he drove from his home in South Greenwood to Calhoun Falls.

When Crisler took the stand for the defense he denied that he had made any statement to the officers implicating appellant in the bringing of the whiskey to the poolroom. Following his denial, the officers were recalled by the State. They reiterated their testimony, and these officers were again cross-examined on this phase of the case by appellant's counsel.

Counsel for appellant on this appeal argues that this testimony was incompetent and was the only testimony offered by the State to support appellant's conviction. Appellant concedes, however, that incompetent evidence, admitted without objection, is not improperly before the court.

The rule is well settled that evidence even though incompetent, if admitted without objection or motion to strike, is to be given the same probative force as that to which it would be entitled if it were competent. *State v. Wardlaw,* 170 S. C. 116, 169 S. E. 840; *Bowen v. Atlantic & F. B. V. R. Co.,* 17 S. C. 574; *State v. Rankin,* 3 S. C. 438, 448, 16 Am. Rep. 737.

It is held by a great majority of the courts that verdicts may result from hearsay testimony and be sustained, where that evidence is permitted without objection to go to the jury. The hearsay rule is merely an exclusionary principle limiting its admissibility and in no sense a cannon of relevancy—its probative force, where admitted without objection, being for the jury and not for the court to determine. See the many cases cited in Annotation, 104

A. L. R. Page 1130, As was said in *Damon v. Carrol,* 163 Mass. 404, 40 N. E. 185, 186: "Hearsay evidence usually is rejected because it lacks the corroboration of an oath or affirmation, and not because it has no natural tendency to induce belief."

As hereinabove pointed out, the evidence in question was admitted without objection and may properly be considered as if it were in law admissible,—the only question being with regard to its probative weight; and this was a matter for the jury.

The verdict of the jury in this case, however, was in our opinion supported by other facts and circumstances. The liquor seized by the officers was purchased from the Cook retail store, with which store appellant was well acquainted. He passed it every time he traveled from South Greenwood to Calhoun Falls. Crisler testified that during the three weeks he had worked for appellant he had received no compensation, and that he had been without employment since the previous December. He stated that the purchase price of the liquor found in appellant's place of business at Calhoun Falls was $75.00. The jury could reasonably infer that Crisler did not have this amount of money, and of necessity, if he purchased the whiskey, must have obtained the money from some other source. The jury, however, evidently discredited Crisler's testimony. It should also be noted that the State offered testimony to show that the officers had received complaints, prior to appellant's arrest, that liquor was being sold in his poolroom at Calhoun Falls.

In our opinion, there was ample evidence to go to the jury.

Appellant contends that the sentence of two years imprisonment is unusually severe and manifestly excessive. The Act under which appellant was indicted and convicted fixes no minimum or maximum penalty; it provides a fine or imprisonment in the discretion of the

court of general sessions, subject, of course, to the Constitutional inhibition against cruel and unusual punishment. Constitution of 1895, Art. I, Sec. 19.

We have dealt with this question of excessive sentences in two very recent cases: *State v. Bell,* S. C., 54 S. E. (2d) 900; and *State v. Phillips,* S. C., 54 S. E. (2d) 901, which cite many other cases where the principle is fully discussed.

This court has repeatedly held that it has no jurisdiction on appeal to correct a sentence alleged to be excessive when it is within the limits prescribed by law for the discretion of the trial judge, and is not the result of partiality, prejudice, oppression or corrupt motive.

The record in this case, in our opinion, shows no manifest abuse of discretion.

As was well said in *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273, 277: "It is perhaps unnecessary to add that only under rare and unusual circumstances will this Court interfere with the discretion of the trial judge in the imposition of a sentence. The difficult duty and the weighty responsibility of determining the sentence to be imposed on a defendant is under most of our statutes properly left, within certain limitations, to the trial judge, who is in a much better position than this Court to fix the penalty to be imposed. As well stated in *Hawkins v. United States,* 7 Cir., 14 F. (2d) 596, 598: 'There is no judicial function which makes larger drafts upon the fairness, common sense, sanity, and good judgment of the judge than that of fixing penalties for criminal offenses, nor one which more vitally affects the stability of free institutions. Excessive penalties are tyrannical in the court, and abhorrent to the public; on the other hand, penalties unduly mild seriously embarrass law enforcement and encourage infractions of the criminal laws.' "

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.