19838

The STATE, Respondent, v. John Edward FRANK, Appellant.

(205 S. E. (2d) 827)

*Messrs. Jefferies & Wise,* of Greenwood, *for Appellant,*

*William T. Jones, Esq., Sol.,* of Greenwood, *for Respondent,*

June 6, 1974.

BUSSEY, Justice:

At the May, 1973 Term of the Court of General Sessions for Greenwood County the defendant-appellant was convicted of receiving stolen goods and sentenced to a term in the Youthful Offender Division of the Department of Corrections. He appeals from a denial of his motions for a directed verdict of not guilty and for a new trial.

Between March 15 and March 18, 1973, at least inferentially on the night of March 16, the residence of one A. P. Nisbet in Greenwood County was entered, there being stolen therefrom, *inter alia*, two rifles and a pistol which were found in an automobile belonging to the defendant while parked in an alley in the city of Abbeville during the night of April 3, 1973. The defendant was charged with the offenses of house breaking, grand larceny and receiving stolen goods, but convicted of only receiving stolen goods.

The pistol was found in the locked glove compartment of defendant's automobile and the two rifles were found in the trunk thereof. Shortly before the discovery of the defendant's automobile, and the stolen property therein, defendant was arrested at a point within 100 feet of his car; the arresting officer thinking that the defendant was drunk. But after he was taken to the police station the officer came to the conclusion that he was not drunk. Upon further investigation the officer discovered the car, with the defendant's pocketbook lying on the front seat thereof, and upon further search discovered the stolen property. When first questioned by officers as to how he got to Abbeville, he told them he came there in a red Volkswagen rather than in his own car, which he later admitted having driven from Green-

wood to Abbeville the night of his arrest. He also told the officers, before being confronted with the evidence, that he had left his pocketbook at home in Greenwood. Confronted with the stolen guns he denied any knowledge thereof. Upon trial he offered no explanation of the stolen guns being locked in his car other than that two nights before he had been arrested for driving under the influence of liquor, following which his car was in the possession of a friend of his for a period of about four hours, intimating or suggesting that the guns had been then placed therein. The same friend accompanied defendant to Abbeville on the night of his arrest. He offered no evidence corroborative of his suggestion as to how the guns may have gotten into his car. He was unable to recall his whereabouts during the period of time in which the guns were stolen.

We think there was abundant evidence to warrant submitting the issue of the defendant's guilt to the jury and to support his conviction of receiving stolen goods. For controlling principles of law see *State v. Atkins,* 244 S. C. 213, 136 S. E. (2d) 298. It is well settled that in considering a question of sufficiency of the evidence in a criminal case, the evidence must be viewed in the light most favorable to the State.

"It is not the function of the court to pass upon the weight of the evidence, but to determine its sufficiency to support the verdict, and where there is any evidence, however slight, on which the jury may justifiably find the existence or nonexistence of the material facts in issue, or if the evidence is of such character that different conclusions as to such facts reasonably may be drawn therefrom, the issues will be submitted to the jury, see cases collected in West's South Carolina Digest, Criminal Law, Key 741(1)." *State v. Wells,* 249 S. C. 249, 253, 153 S. E. (2d) 904, 906.

Defendant next contends that venue was improperly laid in Greenwood County and that for such reason a verdict should have been directed in his favor. The

guns were stolen in Greenwood County and were found locked in defendant's automobile over which he had dominion and control. The defendant was a resident of Greenwood County, had recently purchased the automobile in Greenwood County and had driven the automobile from Greenwood to Abbeville the night the guns were found therein. The most reasonable, if not indeed the only, inference from the evidence is that the stolen guns were received by the defendant in Greenwood County, although still in his possession and in his control after being transported by him to Abbeville County. It follows there is no merit in his contention that venue was improperly laid in Greenwood County.

The defendant next contends that the court erred in charging the crime of "accessory after the fact" there being no evidence that the defendant was guilty as an accessory after the fact to the crime of larceny. We find no error in this respect. A review of the judge's charge shows that he did not submit to the jury the issue of defendant's guilt as an accessory after the fact. His Honor's reference to accessory was in the course of his explanation of the various circumstances under which one can be guilty of the crime of receiving stolen property and his charge was, we think, in accord with the settled law of this State. His language was quite similar to that used in *State v. Tindall,* 213 S. C. 484, 489, 50 S. E. (2d) 188, 190, as follows:

"Accordingly, the accused may be convicted of criminally receiving stolen property, even though he was a guilty participant in the stealing of it, where he took no part in the actual caption and asportation, but participated only as accessory before or after the fact. *State v. Coppenburg,* 2 Strob. 273, 33 S. C. L. 132; *Leon v. State,* 21 Ariz. 418, 189 P. 433, 9 A. L. R. 1393."

It is next contended that the guns were the product of an unlawful search and seizure in violation of the defendant's constitutional rights, and that the fruits of such search should have been excluded from evidence.

Such contention is clearly without merit. Appellant was arrested late at night in an alley-way, otherwise closed to the public at night, some 25 feet away from Savitz's Record Center in the city of Abbeville, which had been unlawfully broken into. He was at first thought to be intoxicated and taken to the police station on a charge of public drunkenness. The arresting officer returned to the scene where the store had been illegally entered and discovered the automobile, which later turned out to be that of the defendant, within 100 feet of the store which had been broken into.

Another nearby store showed evidence of an attempted, but unsuccessful entry and a tool, likely to have been used in the break-in of the record center, was found near the spot where the defendant was arrested. The city of Abbeville has only a small police force and the officer had information from the defendant, himself, indicating the probability of an accomplice of the defendant being still in the immediate area.

The car had paper dealer tags on it instead of regular license plates; the tags being those of a Greenwood dealer from whence the defendant had admittedly just come. On the front seat of this automobile, in plain view, was a wallet. Having discovered an apparently abandoned automobile without license plates in a dark alley upon the scene of an apparent break-in with boxes stacked at the rear of the building apparently ready for transportation and with a wallet lying on the front seat of the automobile, the officer entered the car and examined the wallet which he saw. He found the wallet to be that of the defendant and that it contained identification papers linking the defendant with ownership of the car. The officer then proceeded to search the car, discovered the keys in the ashtray, opened the trunk and the glove compartment and found the fruits of the crime of which the defendant has now been convicted. The officer had strong reasons to believe that the automobile was being used in criminal activity and that such very probably contained stolen goods. Under all of the circumstances reflected

in the record, we are satisfied that the officer had abundant, probable cause to proceed with the search of the automobile and the exigencies of the situation warranted his doing so, without a warrant. See *State v. McRae*, 255 S. C. 287, 178 S. E. (2d) 666; *Chambers v. Maroney*, 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. (2d) 419; *Coolidge v. New Hampshire*, 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564.

Finally, it is asserted that the court erred in admitting into evidence the pistol and two rifles found in defendant's automobile, the asserted error being that "the weapons were identified through hearsay testimony." The guns were the property of a son of Mr. A. P. Nisbet and stolen from a room of the said son in the Nisbet home. At the time of the trial the younger Nisbet was working and living away from Greenwood and was not called as a witness. Mr. Nisbet, the father, testified and identified the guns as the stolen property of his son identifying such by both general appearance and the respective serial numbers thereof. Upon cross-examination of Mr. Nisbet it was developed that his identification, insofar as the serial numbers were concerned, was keyed to a list of serial numbers of guns owned by the son, such list having been prepared by the son at some time prior to the theft, for use in identifying his guns in the event of loss thereof by theft or otherwise. Such list, like the guns, was kept in the room of the son at the Nisbet home. The son and the father together went over this list checking the serial numbers of the stolen guns after they were stolen. Such list of serial numbers was not offered in evidence and no motion was made to strike or exclude the testimony of Mr. Nisbet as to the serial numbers of the stolen guns. Instead, the defense objected only to the admission into evidence of the guns themselves.

It is well settled that the admission or exclusion of evidence is a matter addressed to the sound discretion of the trial judge and that his ruling thereabout will not be disturbed in the absence of manifest abuse of discretion or legal error accompanied by probable prejudice.

West's South Carolina Digest, Criminal Law, Key 660; Appeal and Error, Key 970(2). We are not convinced that His Honor committed any prejudicial error in admitting into evidence the stolen weapons. There is indeed no serious contention on the part of the defendant that the guns were not in fact stolen property, his defense being simply that he had no knowledge of them being in his automobile. Indeed the statement of the case concedes that the particular weapons had in fact been reported stolen in Greenwood County prior to being found in defendant's automobile.

Mr. Nisbet's identification of the stolen weapons was not predicated entirely upon the serial numbers, as to which he testified, and there was no objection to his testimony as to the serial numbers nor any motion made to strike the same. The general rule is that the failure to object to, or failure to move to strike, testimony renders such competent and accordingly entitled to be considered to the extent it is relevant. See cases collected in West's South Carolina Digest, Trial Key 105. *Cf. Shealey v. South Carolina and Georgia Railroad,* 67 S. C. 61, 45 S. E. 119; *State v. Murray,* 248 S. C. 473, 150 S. E. (2d) 920; *State v. White,* 215 S. C. 450, 55 S. E. (2d) 785; see also cases collected under Criminal Law, Key 698.

We have concluded that all of the exceptions of the defendant-appellant are without merit and the judgment of the court below is accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.