21647

The STATE, Respondent, v. Horace BUTLER, Appellant.
(290 S. E. (2d) 1)

454

*David I. Bruck,* of *S. C. Commission of Appellate Defense,* Columbia, and *W. McAlister Hill,* Ravenel, *for appellant.*

*Atty. Gen., Daniel R. McLeod, Asst. Atty. Gen., Lindy P. Funkhouser* and *Senior Asst. Atty. Gen., Brian P. Gibbes,* Columbia, and *Asst. Sol., Steve Schmutz,* Charleston, *for respondent.*

February 22, 1982.

NESS, Justice:

This is a death penalty case. Butler was convicted for the murder of Pamela Lane and sentenced to death. We affirm.

First Butler asserts certain jurors were wrongfully disqualified from jury duty due to their willingness to impose the death penalty. This issue has been decided adversely to appellant and is without merit. *State v. Linder,* S. C., 278 S. E. (2d) 335 (1981); *State v. Hyman,* S. C., 281 S. E. (2d) 209 (1981).

Appellant also argues juror Jennings V. Knight should have been disqualified alleging his answers on *voir dire* indicated he would automatically vote in favor of the death penalty. We disagree. Knight was questioned as follows:

By Defense Counsel:

"Q. Would you automatically send him to death?

"A. Well, according to the evidence what was in the court, what we judged him by." (Tr. 385, f. 18-20).

By the Court:

"Q. Could you return life imprisonment if you thought that was warrented?

"A. Yes." (Tr. 389, f. 5-7).

Considering the entire colloquy with this venireman it is clear that he was properly qualified. *State v. Gilbert & Gleaton,* S. C., 283 S. E. (2d) 179 (1981). This exception is without merit.

Appellant next argues the trial court erred in admitting ■ testimony that appellant was "known to carry a gun" where apellant's character had not been put in issue. Immediately prior to the disputed question the same witness testified appellant was carrying a pistol on the night of the murder. (Tr. 727, f. 17, to 728, f. 8). This testimony was merely cumulative since it did no more than bolster the fact that the witness was aware of a pistol on appellant's person. There was no error. *State v. Blackburn*, 271 S. C. 324, 247 S. E. (2d) 334 (1978).

Appellant asserts the trial court erred in admitting into ■ evidence two written confessions since appellant was not provided with a copy of these statements when made. This was due to a malfunction of the copy machine at the police station. Butler was given a copy three weeks later, prior to the preliminary hearing and approximately four months before trial.

Appellant argues this violated S. C. Code § 8-15-50, § 19-1-80 and § 19-1-90 since a copy was not provided *at the time the statement was made.* We disagree.

South Carolina Code sections shall not be applied in a hyper-technical manner. *State v. Jones*, 228 S. C. 484, 91 S. E. (2d) 1 (1956). There is nothing in the record to indicate there was any prejudice to appellant's rights. See generally, *State v. Crenshaw, et al.*, 274 S. C. 475, 266 S. E. (2d) 61 (1980); *State v. Scott*, 269 S. C. 438, 237 S. E. (2d) 886 (1977). Clearly, appellant had ample time to prepare his case after receiving a copy of the confession. Appellant is due a fair trial, not a perfect one. This exception is without merit.

Appellant contends the trial court erred in refusing to charge manslaughter. He told police on the night of the murder he stopped to talk to the victim and invited her to go for a ride. He stated the victim voluntarily ditched her brand new motorbike in the bushes and got in his car. He then drove to a secluded, wooded area where the deceased openly seduced him, re-dressed herself and calmly informed him that she was going to "cry rape" because she needed an excuse for arriving home late. Appellant said he "panicked"

and shot her, then dumped her body over a bridge into a stream.

Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon a sufficient legal provocation. *State v. Norris,* 253 S. C. 31, 168 S. E. (2d) 564 (1969). Where death is caused by the use of a deadly weapon words alone are not sufficient to constitute a legal provocation. *State v. Gardner,* 219 S. C. 97, 64 S. E. (2d) 130 (1951).

There were no actions by deceased to constitute legal provocation, hence a charge on voluntary manslaughter was not required. This argument has no merit.

Appellant next claims his state constitutional rights were violated because the indictments failed to specify any statutory aggravating circumstances to be passed on by a grand jury prior to the actual trial of the case. We disagree.

"The purpose of the bifurcated trial proceeding is to permit the introduction of evidence at the pre-sentence hearing that normally would be inadmissible at the guilt determination proceeding." *State v. Shaw,* 273 S. C. 194, 208, 255 S. E. (2d) 799 at 806 (1979). Our statutory death penalty scheme was purposefully designed to withhold matters inadmissible on the issue of guilt or innocence from the jury until that issue has been determined. *State v. Shaw, supra.* Also see *Eberheart v. State,* 232 Ga. 247, 206 S. E. (2d) 12 (1974). This system affords greater protection to the accused since the imposition of death by public authority is so "profoundly different" from any other sanction. *Lockett v. Ohio,* 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. (2d) 973 (1978) as cited in *State v. Shaw, supra,* 255 S. E. (2d) at 805.

We agree with appellant that fairness and due process of law require that the defendant receive notice of the charges against him sufficient to enable him to prepare his defense. S. C. Code § 17-19-20 (1976); *State v. Hiott,* 276 S. C. 72, 276 S. E. (2d) 163 (1981); *State v. Tabory,* 262 S. C. 136, 202 S. E. (2d) 852 (1974). We disagree, however, with the assertion that this notice requires the aggravating circum-

stances be set out in the indictment for consideration by the grand jury.

The punishment for a crime is not and never has been considered a part of the pleading charging a crime. The indictment here is for murder, not rape. The statute charging the crime defines murder and provides for notice and due process. S. C. Code, § 16-3-10, *et seq.* (1976).

Notice is sufficient where the statutory requirements are met. The statute does not require the aggravating circumstances to be included in the indictment. S. C. Code § 16-3-26 (1976). Moreover, appellant concedes he was given sufficient notice.

The request notice referred to by appellant in Article I, § 11 of the S. C. Constitution was met when appellant was indicted before the grand jury for murder. The death sentence he received was for murder, not for the aggravating circumstance, rape. There is no error.

Appellant asserts there was insufficient evidence to submit the aggravating circumstance of rape to the jury. A trial court is concerned only with the existence of evidence, not its weight. *State v. Gunter,* 273 S. C. 347, 256 S. E. (2d) 317 (1979). And the evidence must be viewed in the light most favorable to the State. *State v. Hill,* 268 S. C. 390, 234 S. E. (2d) 219 (1977), cert. den., 434 U. S. 870, 98 S. Ct. 211, 54 L. Ed. (2d) 147 (1977). *Any* evidence direct or circumstantial reasonably tending to prove the guilt of the accused creates a jury issue. *State v. Hill, supra.*

The trial court found: (1) the victim received a blow to her head (serious enough to cause brain damage) prior to death; (2) the appellant was armed with a deadly weapon; (3) the presence of semen in victim's vaginal area; (4) physician's testimony that semen could have come from a male of appellant's blood type, and (5) decedent was thereafter killed. There was sufficient evidence to submit the aggravating circumstance to the jury. This argument has no merit.

Appellant alleges the trial judge erred in instructing the jury on the law of reasonable doubt and in failing to instruct the jury of the consequences of a "hung jury."

Appellant relies on *In The Matter of Winship*, 397 U. S. 358, 90 S. Ct. 1068, 25 L. Ed. (2d) 368 (1970) where the U. S. Supreme Court held that a defendant cannot be found guilty of a criminal offense without establishing his guilt "with utmost certainty." *Id.* 1073. Here the trial judge defined reasonable doubt as ". . . a substantial doubt for which an honest person seeking the truth can give a real reason," and as "not a weak or slight doubt, but it is a serious or strong or substantial well-founded doubt as to the truth of the matters asserted by the state." We recently held, "[i]t is not error to equate substantial doubt with reasonable doubt." *State v. Griffin*, S. C., 285 S. E. (2d) 631 page 633.

These instructions are well within the acceptable guidelines set by this Court and *In re Winship, supra*. There is no error present.

Moreover, each member of the jury was polled and there was no indication of disagreement. The jury's verdict here was unanimous thus no possible prejudice resulted.

Finally, the constitutionality of § 16-3-25(C)(3) has been fully settled by this Court and appellant's exception alleging otherwise is without merit. *State v. Shaw*, 273 S. C. 194, 255 S. E. (2d) 799 (1979), cert. den., 444 U. S. 957, 100 S. Ct. 437, 62 L. Ed. (2d) 329.

We are required under § 16-3-25 to determine whether the death sentence is excessive or disproportionate to the penalty imposed in similar cases. *State v. Shaw & Roach*, 273 S. C. 194, 255 S. E. (2d) 799 (1979). The record clearly reflects appellant maliciously and purposefully committed a brutal murder accompanied by rape. The death penalty is proportionate to a crime of this nature and to the crime and defendant in this case.

We have carefully reviewed the entire record for any prejudicial error and find none. Appellant's murder conviction and death sentence are affirmed.

Affirmed.

Lewis, C. J., and Littlejohn, Gregory and Harwell, JJ., concur.