509 S.E.2d 807

**Benjamin BANNISTER, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 24869.

Supreme Court of South Carolina.

Submitted Oct. 21, 1998.
Decided Dec. 14, 1998.
Rehearing Denied Jan. 7, 1999.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for petitioner.

Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

BURNETT, Justice:

We granted the State a writ of certiorari to review the post-conviction (PCR) judge's grant of a new trial to respondent. We reverse.

## FACTS

Respondent was indicted on charges of first degree burglary and assault with intent to commit first degree criminal sexual conduct (CSC). A jury convicted him of burglary but acquitted him of CSC.

At trial, the State produced evidence on May 30, 1993, respondent kicked open the front door and entered Unit F–16 of the Canebrake Apartments. Occupants in the apartment, all young teenagers, testified respondent stated he was looking for "Gayle" because she had his money. One occupant told respondent Gayle lived in Unit F–8. One witness testified, although it was morning, it was dark when respondent entered her bedroom. Another testified, although it was early morning, he could see respondent because the kitchen light was on. A patrol officer testified she was dispatched to the Canebrake Apartments at 5:30 or 6:00 in the morning. She stated, at that time "[i]t was on the verge of not quite being dark, but it wasn't quite light also."

Shortly after his arrest, respondent gave an oral statement to a detective which the detective then placed into writing. In relevant part, the statement provides: at 4:00 a.m. respondent met a woman named "Gayle" in front of building F of the Canebrake Apartments in order to purchase crack cocaine. Gayle took $150 from respondent and went inside the apartments. Respondent waited for forty-five minutes. When she did not return, he became angry, kicked the door open, and went inside to find Gayle and get his money back. Children

were inside the apartment. When he went back outside, a little boy told respondent Gayle "wasn't at" that apartment.

Respondent read the written statement and then signed it. He was not given a copy of the statement until the morning of trial. At the beginning of trial, defense counsel waived respondent's right to a hearing on the voluntariness of the statement.

Respondent testified at trial. He stated on May 30, 1993, at approximately 2:00 a.m., respondent spoke to Gayle James at a bar. Ms. James told him she knew where there was crack cocaine. About thirty minutes to an hour later, respondent and Ms. James left the bar separately and met at the Canebrake Apartments in front of building F. Respondent gave Ms. James $150 and she went into Unit F–16. After waiting thirty to forty-five minutes, respondent became angry. He knocked on the door of Unit F–16 several times and then kicked it three or four times. When he entered the apartment, he yelled for "Gayle," but she was not inside.

At the PCR hearing, respondent testified he told defense counsel Ms. James could have corroborated his claim he did not break into the apartment with the intent to commit a crime therein.[1] Rather, he entered the apartment, believing Ms. James was inside, and intended to retrieve his money. Ms. James did not testify at the PCR hearing; however, respondent testified he thought Ms. James would have offered beneficial testimony.

Defense counsel testified he did not remember if he attempted to locate Ms. James; he agreed he did not issue a subpoena for the witness. Defense counsel agreed if Ms. James had testified, her testimony would have "added a considerable degree of credibility for [respondent's] story...."

Defense counsel testified he did not remember discussing respondent's written statement with him or inquiring whether he had received a copy of the statement. Similarly, he did not

---

1. S.C.Code Ann. § 16–11–311(A) (Supp.1997) (first degree burglary occurs when a person enters a dwelling without consent *and with the intent to commit a crime therein* and, among other aggravating circumstances, the entering occurs in the nighttime). S.C.Code Ann. § 16–11–311(A)(3) (Supp.1997) (emphasis added).

remember discussing whether respondent should waive his right to challenge the admissibility of his statement. According to defense counsel, there was never any question as to the voluntariness of respondent's statement.

## ISSUES

I.  Did the PCR judge err by finding defense counsel was ineffective for failing to subpoena witness Gayle James? II.  Did the PCR judge err by finding defense counsel was ineffective for failing to move to suppress respondent's statement?

## DISCUSSION

In a post-conviction proceeding, the burden is on the applicant to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985), *cert. denied*, 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). As to allegations of ineffective assistance of counsel, the applicant must show his counsel's performance fell below an objective standard of reasonableness, and but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Johnson v. State, supra.* This Court must affirm the findings of the PCR judge if they are supported by any evidence in the record. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

## I.

The State contends the PCR judge erred by finding defense counsel ineffective for failing to subpoena Ms. James for trial because respondent failed to call Ms. James or otherwise properly introduce her testimony at the PCR hearing. Respondent maintains because the State did not object when he testified as to what Ms. James would have testified, his testimony became competent evidence. *See State v. White*, 215 S.C. 450, 454, 55 S.E.2d 785, 787 (1949) ("[e]vidence even though incompetent, if admitted without objection or motion to

strike, will be given the same probative force as that to which it would be entitled if it were competent.").

■■■ This Court has repeatedly held a PCR applicant *must produce the testimony* of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. *Pauling v. State*, 331 S.C. 606, 503 S.E.2d 468 (1998) (applicant established prejudice where nurse's notes presented at PCR hearing corroborated lack of penetration in sexual assault case); *Glover v. State*, 318 S.C. 496, 458 S.E.2d 538 (1995) (where witnesses applicant claimed could have provided an alibi defense did not testify at the PCR hearing, he could not establish any prejudice from counsel's failure to contact these witnesses); *Underwood v. State*, 309 S.C. 560, 425 S.E.2d 20 (1992) (where applicant did not offer witnesses at PCR hearing but merely alleged they would have provided him with alibi defense and testified victims had recanted their trial testimony, he failed to establish prejudice); *see also Jackson v. State*, 329 S.C. 345, 495 S.E.2d 768 (1998) (applicant failed to establish prejudice from counsel's failure to investigate criminal backgrounds of victims and witnesses where he failed to substantiate at PCR hearing that victims and witnesses had criminal records). "The applicant's mere speculation what the witnesses' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice." *Glover v. State, supra*, 318 S.C. at 498–99, 458 S.E.2d at 540. The State's failure to object to respondent's testimony as to Ms. James' alleged testimony does not relieve respondent of the burden of producing and/or offering Ms. James' testimony in accordance with the rules of evidence.

Assuming Ms. James would have testified as speculated by respondent, her testimony would have been crucial to the defense as it would have corroborated respondent's version of the events on the morning of May 30, 1993. However, since respondent neither produced Ms. James as a witness nor offered her testimony in some other manner consistent with the rules of evidence, her "testimony" was purely speculative. The State's failure to object to this testimony did not relieve respondent of the burden of either producing Ms. James as a witness or offering her testimony in some other acceptable

manner.  Accordingly, respondent failed to establish prejudice from defense counsel's failure to subpoena Ms. James.  The findings of the PCR judge are not supported by any evidence of record and should be reversed.  *Pauling v. State, supra* (where there is no probative evidence to support the PCR judge's findings, the findings should not be upheld).

## II.

█ The State contends the PCR judge erred in finding defense counsel ineffective for failing to challenge the admissibility of respondent's statement.  Respondent contends counsel should have moved to suppress his statement on the basis he was not given a copy of the statement as required by statute.[2]  He argues he was prejudiced because 1) the statement contained the only evidence that the burglary occurred in the nighttime and 2) referred to his use of crack cocaine. We disagree.

There is no evidence to support the PCR judge's conclusion counsel was ineffective for failing to challenge the admissibility of respondent's statement.  Respondent did not establish that if counsel had moved to suppress the statement on the basis of the statutory violation there is a reasonable probability the trial judge would have granted the motion.  Respondent was provided with a copy of his statement on the morning of trial.  There is no evidence he did not have adequate time to review the statement in preparation for trial. *State v. Butler,* 277 S.C. 452, 290 S.E.2d 1 (1982) (as long as the witness has time to prepare for trial after receiving a copy of the written statement, the failure to provide the statement at the time it is made is not reversible error).

Furthermore, admission of the statement was not prejudicial.  Other witnesses testified it was nighttime when respondent broke into the apartment.  One witness testified it was dark in her bedroom; another testified he could see respondent due to the kitchen light;  a patrol officer stated at the time she arrived on the scene, "[i]t was on the verge of not

---

2.  South Carolina Code Ann. §§ 19–1–80 and 90 (1976) preclude the examination of any witness in a criminal proceeding about a written statement formerly given to a government employee unless the witness was given a copy of the statement at the time it was made.

quite being dark, but it wasn't quite light also." 12A C.J.S. *Burglary* § 26 (1980) (" 'Nighttime' ... is, as was held at common law, that period between sunset and sunrise during which there is not daylight enough by which to discern or identify a man's face, except by artificial light or moonlight.").

Finally, the reference to respondent's crack cocaine use in his statement corroborated his defense. Respondent's drug use explained his reason for meeting Ms. James at the Canebrake Apartments and giving her money.

There is not a reasonable probability the result of respondent's trial would have been different had his statement been suppressed. *Strickland v. Washington, supra.* The findings of the PCR judge are not supported by any evidence of record and should be reversed. *Pauling v. State, supra.*

**REVERSED.**

TOAL, MOORE, and WALLER, JJ., concur.

FINNEY, C.J., dissenting in separate opinion.

FINNEY, Chief Justice:

I respectfully dissent, and would affirm the grant of post-conviction relief (PCR) to respondent. We are required to affirm the circuit court's PCR order if it is supported by any evidence in the record. *Pauling v. State,* 331 S.C. 606, 503 S.E.2d 468 (1998). Where, as in this case, there was no objection to respondent's testimony nor a motion to strike it, his testimony was rendered competent and the judge was entitled to consider it to the extent it was relevant. *State v. Frank,* 262 S.C. 526, 205 S.E.2d 827 (1974); *see also Glover v. State,* 318 S.C. 496, 458 S.E.2d 538 (1995) (Waller, A.J., dissenting). In my opinion, the order's findings regarding defective representation and resulting prejudice are supported by the evidence. I would affirm.