629 S.E.2d 353

**Johnell PORTER, Respondent**

v.

**STATE of South Carolina, Petitioner.**

**No. 26121.**

Supreme Court of South Carolina.

Submitted Oct. 19, 2005.
Refiled May 1, 2006.
Rehearing Denied May 1, 2006.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Molly R. Crum, all of Columbia, for Petitioner.

Assistant Appellate Defender Aileen P. Clare, South Carolina Office of Appellate Defense, of Columbia, for Respondent.

## ORDER

Respondent (Porter) filed a petition for rehearing in which he asked the Court to reconsider its opinion reversing the post-conviction relief court's finding of ineffective assistance of counsel.

We deny the petition for rehearing, withdraw the former opinion, and substitute the attached opinion.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.,

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.

Chief Justice TOAL:

The post-conviction relief (PCR) court granted Johnell Porter (Porter) a new trial after finding that counsel was ineffective for failing to file a *Brady* motion, failing to investigate the validity of a photographic identification, and failing to interview a witness. This Court granted the State's petition to review the PCR court's decision. We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

Porter was indicted in 1980 for the armed robbery of Morris Jewelers. Porter pled guilty and was sentenced to twelve years confinement, consecutive to any sentence imposed by other jurisdictions.[1] Porter did not appeal his guilty plea or sentence.

Porter applied for PCR in 1984. The PCR petition was dismissed without prejudice, with leave to re-file when Porter returned to South Carolina to serve his sentence. Porter refiled his petition for PCR in 1997, after being returned to South Carolina. This petition was also dismissed. Porter subsequently moved for a new PCR hearing, which was granted. At the hearing, Porter argued that his trial counsel was ineffective for failing to file a *Brady* motion, failing to investigate the validity of a photographic identification, and failing to

---

1. At the time of the plea, Porter was incarcerated in North Carolina.

interview a witness. The PCR judge agreed with Porter and granted Porter a new trial.

The State appealed, raising the following issues for review:

I.    Did the PCR court err in finding Porter's trial counsel ineffective for failing to file a *Brady* motion?

II.   Did the PCR court err in finding Porter's trial counsel ineffective for failing to investigate the validity of the photographic identification?

III.  Did the PCR court err in finding Porter's trial counsel ineffective for failing to interview a witness?

## STANDARD OF REVIEW

This Court gives great deference to the PCR court's findings of fact and conclusions of law. *Caprood v. State*, 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000) (citing *McCray v. State*, 317 S.C. 557, 455 S.E.2d 686 (1995)). On review, a PCR judge's findings will be upheld if there is any evidence of probative value sufficient to support them. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). If no probative evidence exists to support the findings, this Court will reverse. *Pierce v. State*, 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000) (citing *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996)).

## LAW/ANALYSIS

### I. *Brady* Motion

The State contends that the PCR court erred in finding that Porter's trial counsel was ineffective for failing to file a *Brady* motion. We agree.

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) that counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) that the deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An applicant may attack the voluntary and intelligent character of a guilty plea entered on the advice of counsel only by demonstrating that counsel's representation was below an objective standard of reasonableness. *Roscoe v. State*, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001). Further, the applicant must show

that there is a reasonable probability that he would have insisted on proceeding to trial on the matter instead of pleading guilty. *Id.* Additionally, the applicant has the burden of proving the allegations of the PCR petition. *Bannister v. State*, 333 S.C. 298, 302, 509 S.E.2d 807, 809 (1998).

The *Brady* disclosure rule requires the prosecution to provide to the defendant any evidence in the prosecution's possession that may be favorable to the accused and material to guilt or punishment. *State v. Kennerly,* 331 S.C. 442, 452, 503 S.E.2d 214, 220 (Ct.App.1998) (citing *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)). Favorable evidence includes both exculpatory evidence and evidence which may be used for impeachment. *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481, (1985). Materiality of evidence is determined based on the reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. *Kennerly,* 331 S.C. at 453, 503 S.E.2d at 220. "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Bagley,* 473 U.S. at 678, 105 S.Ct. at 3381. Furthermore, the prosecution has the duty to disclose such evidence even in the absence of a request by the accused. *United States v. Agurs,* 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed.2d 342, (1976).

In the instant case, the prosecution did not possess any material evidence which was not disclosed to Porter's trial counsel. The evidence Porter claims his trial counsel failed to obtain through a *Brady* motion consists of the fact that the witness did not identify Porter at the crime scene. This information was immaterial in light of the subsequent identification of Porter in a photographic line-up. Further, Porter has failed to provide any evidence of probative value that would indicate the outcome of the proceeding would have been different. Stated otherwise, the confidence of the proceeding has not been undermined. Regardless of the witness' inability to identify Porter at the scene of the crime, the fact remains that Porter was positively identified by the witness in a photographic line-up. Moreover, Porter's co-defendant also indicated a willingness to identify Porter as one of the perpe-

trators. In addition, Porter's trial counsel testified that he informed Porter that the solicitor would request a life sentence if Porter went to trial and was found guilty. Accordingly, we find that the alleged nondisclosure was not material exculpatory evidence.

██ While the materiality of the evidence is important, the dispositive issue in this case is whether trial counsel rendered reasonably effective assistance under prevailing professional norms. The United States Supreme Court has held that, although not required to do so by law, if a prosecutor adopts an "open file policy" where the defense is allowed to review the prosecution file in satisfaction of the prosecution's discovery obligations and the duty to disclose material exculpatory evidence as a matter of the due process clause, defense counsel may reasonably rely on that file to contain all materials the state is obligated to disclose.[2] *Strickler v. Greene*, 527 U.S. 263, 283 n. 23, 119 S.Ct. 1936, 1949 n. 23, 144 L.Ed.2d 286 (1999).

Porter's trial counsel testified at the PCR hearing that he did not file a formal *Brady* motion because the solicitor had an open file policy. Porter's trial counsel was allowed to review all the evidence in the solicitor's file. Under *Strickler*, Porter's trial counsel's failure to file the *Brady* motion was reasonable in light of the open file policy.

For these reasons, we find that Porter's trial counsel's failure to file a *Brady* motion did not constitute ineffective assistance of counsel.

## II. Photographic Line-up

The State contends that the PCR court erred in finding that Porter's trial counsel was ineffective for failing to investigate the validity of the photographic identification. We agree.

██ Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to result.

2. It is important to note that we do not find that the prosecution is presumed to comply with *Brady* simply by instituting an open file policy. The duty to disclose under *Brady* applies to the prosecution regardless of the manner in which the prosecution chooses to do so.

*Moorehead v. State,* 329 S.C. 329, 334, 496 S.E.2d 415, 417 (1998).

Porter's trial counsel testified that he had the opportunity to examine the photographic line-up from which Porter was identified. Counsel further testified that the line-up was reasonable. The photographic line-up formed the basis upon which the arrest warrant for Porter was issued. No probative evidence was presented at the PCR hearing to show that the statement in the arrest warrant was false,[3] or that the witness's identification of Porter from the photographic line-up was false or unreasonable. Additionally, no evidence was presented at the PCR hearing showing that further investigation would have lead to a different result. Accordingly, we hold that Porter's trial counsel's failure to further investigate the identification was not deficient, and thus did not rise to the level of ineffective assistance of counsel.

### III. Witness Interview

The State argues that the PCR court erred in finding that Porter's trial counsel was ineffective for failing to interview a witness. We agree.

Mere speculation of what a witness' testimony may be is insufficient to satisfy the burden of showing prejudice in a petition for PCR. *Bannister,* 333 S.C. at 303, 509 S.E.2d at 809.

Porter's trial counsel testified that he did not interview the witness because he believed the information that was given to him by the solicitor and the chief of police was true. Despite the improvidence of counsel's reliance on these statements alone, Porter has not presented any evidence showing that an interview of the witness would have yielded a result different from that which Porter's trial counsel believed at the time of the plea. Porter pled guilty in light of the complete information that was available at that time. Therefore, we

---

**3.** The Chief of Police made the sworn statement in the arrest warrant that the "[d]efendant was identified as one of the suspects involved in the armed robbery of Morris Jewelers in Great Falls, SC. [A witness] identified the defendant in a photo-line up [sic]."

hold that Porter's trial counsel's failure to interview a witness did not amount to ineffective assistance of counsel.

Because we find that trial counsel's performance was not deficient, Porter has not satisfied the first prong of *Strickland.* Accordingly, a finding of prejudice is not required.

## CONCLUSION

For the foregoing reasons, we reverse the PCR court's ruling and reinstate Porter's conviction and sentence.

MOORE, WALLER and BURNETT, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES dissenting:

I respectfully dissent and would affirm the post-conviction relief (PCR) judge's order because I find there is some evidence of probative value in the record to support his findings. *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989).

The PCR judge found trial counsel was ineffective in failing to file a *Brady* motion. Had such a motion been made, the State presumably would have revealed the fact that the witness who identified Porter in a photo line-up had been unable to identify him at the scene, a fact which would have had impeachment value had the witness testified at trial.

The first question is not whether the PCR court erred in finding counsel's performance deficient in failing to make a *Brady* request, but rather there is any evidentiary support in the record for the finding.[4] *Cherry, supra.* While I may not have reached the same conclusion as the PCR judge regarding counsel's performance, I cannot say it lacks evidentiary support especially in light of trial counsel's testimony that he did no independent investigation but instead relied solely on infor-

4. Certainly had the PCR found counsel's performance not deficient because he reasonably relied upon the solicitor's open file policy, that finding would be upheld under *Cherry.* Nothing in *Strickler v. Greene,* 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), however, precludes a finding that such reliance was not reasonable. This is especially so where, as here, the undisclosed evidence is not a document or other physical item, but rather something intangible, a witness's non-identification.

mation supplied by law enforcement and by the solicitor's office.

The second question is whether the record contains any evidence of probative value to support the PCR judge's finding that Porter established prejudice as the result of this deficient performance, that is, evidence that but for counsel's deficient performance Porter would not have pled guilty but would have insisted on going to trial. In my opinion, Porter's testimony that he would not have pled had he had all relevant information is sufficient to uphold the PCR judge's prejudice finding. *E.g., Solomon v. State,* 313 S.C. 526, 443 S.E.2d 540 (1994) (great appellate deference to PCR judge's credibility findings required Court to uphold judge's determination even where testimony at PCR hearing flatly contradicted by trial record).

While I may not have made the same findings as did the PCR judge on the failure to file a *Brady* motion claim, under our limited scope of review these findings should be upheld. *Cherry, supra.* I therefore respectfully dissent, and would affirm the grant of PCR to Porter.