THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Roy Edward
 Hook, Respondent,
 v.
 State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Barnwell County
 Doyet A. Early, III, Post-Conviction Relief Judge
Unpublished Opinion No. 2009-UP-100
Submitted February 2, 2009  Filed
 February 26, 2009    
REVERSED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Respondent.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Lance Boozer, all of Columbia, for Petitioner.
 
 
 

PER CURIAM: In
 this post-conviction relief (PCR) case, we granted certiorari to review the PCR
 judge's grant of relief for Roy Edward Hook.  We reverse. [1] 
Hook
 applied for PCR after his five-year probationary sentence was revoked in full. 
 After a hearing, the PCR judge granted relief, finding Hook's counsel was
 ineffective for (1) failing to call witnesses on Hook's behalf and (2) failing
 to object when a probation agent informed the revocation judge of Hook's
 pending criminal charges.  We find neither ground supports a finding of
 ineffective assistance of counsel.  
1. 
 At the PCR hearing, Hook did not proffer the testimony of the witnesses he
 argues counsel should have called during the probation revocation hearing. 
 Accordingly, he had failed to show how he was prejudiced by any deficient
 performance of his revocation counsel.  See Porter v. State, 368 S.C.
 378, 386, 629 S.E.2d 353, 358 (2006) ("Mere speculation of what a witness'[s]
 testimony may be is insufficient to satisfy the burden of showing prejudice in
 a petition for PCR."); Dempsey v. State, 363 S.C. 365, 369, 610
 S.E.2d 812, 814 (2005) (holding a PCR applicant cannot show that he was
 prejudiced by counsel's failure to call a favorable witness to testify at trial
 if that witness does not later testify at the PCR hearing or otherwise offer
 testimony within the rules of evidence); Strickland v. Washington, 466
 U.S. 668, 687 (1984) (explaining in order to establish a claim of ineffective
 assistance of counsel, a PCR applicant must prove: (1) counsel's performance
 was deficient, and (2) the deficient performance prejudiced the applicant's
 case).  
2. 
 When the revocation judge revoked Hook's probation in full, he cited the
 following grounds: (1) failure to report; (2) conviction for writing fraudulent
 checks; and (3) failure to follow his probation agent's advice.  Because the
 charges pending against Hook were not the reason for revoking his probation,
 Hook again failed to prove the prejudice prong of Strickland v. Washington.
 466 U.S. at 687.
REVERSED.
HEARN, C.J., CURETON, A.J., and GOOLSBY, A.J.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.