689 S.E.2d 629

**Larry William SMITH, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26773.**

Supreme Court of South Carolina.

Submitted Oct. 21, 2009.

Decided Feb. 16, 2010.

Desby Smith, of Lamar, and John Dennis Delgado, of Bluestein, Nichols, Thompson & Delgado, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Karen Ratigan, of Columbia, for Respondent.

Justice KITTREDGE.

We granted a writ of certiorari to review the denial of post-conviction relief. We reverse.

## I.

In 2004, Petitioner Larry Smith was convicted of second-degree criminal sexual conduct (CSC) with a minor and contributing to the delinquency of a minor. Smith was sentenced to twelve years in prison. Smith's direct appeal challenged only the denial of his directed verdict motion. The court of appeals affirmed in an unpublished opinion.[1] Smith then sought post-conviction relief (PCR).

## II.

In his application for PCR, Smith claimed trial counsel had rendered ineffective assistance by failing to object to "hearsay testimony that was improperly corroborative of the Victim." At the PCR hearing, Smith contended he was entitled to a new trial because forensic interviewer Ginger Gist had testified without objection that the Victim told Gist that Smith had sexually assaulted her. The forensic interviewer, at the invitation of the solicitor, also testified without objection that she found the Victim's statement "believable" and stated the Victim had no reason "not to be truthful."

Smith contends the testimony of the forensic interviewer interjected impermissible hearsay into the trial, which improperly bolstered the Victim's testimony. Smith additionally contends counsel's failure to object to this testimony resulted

---

1. *State v. Smith*, 2006–UP–362 (S.C. Ct.App. filed October 24, 2006).

in prejudice, pointing to the State's closing argument, which emphasized the forensic interviewer's testimony.

In denying relief, the PCR court found trial counsel's failure to object was a valid "trial strategy." *See Watson v. State,* 370 S.C. 68, 634 S.E.2d 642 (2006) (recognizing when counsel provides a valid trial strategy in response to a Sixth Amendment ineffective assistance of counsel claim, counsel's performance will not be deemed deficient). However, when trial counsel was asked if he had a strategy in failing to object to the hearsay and the bolstering testimony, he responded, "none."

The PCR court further found Smith had failed to show he was prejudiced by the challenged testimony. The PCR court's order acknowledged that the testimony at trial was conflicting, but noted the Victim had identified Smith as the perpetrator and a partial DNA profile had indicated the probability of Smith not being the assailant was "1 in 1600." As noted, the PCR court denied Smith's application for relief.

### III.

■ The burden is on the petitioner to prove the allegations in the PCR application. *Bannister v. State,* 333 S.C. 298, 302, 509 S.E.2d 807, 809 (1998). In reviewing the PCR judge's decision, an appellate court will uphold the PCR court if any evidence of probative value supports the decision. *Smith v. State,* 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006) (citing *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989)).

■ To establish a claim of ineffective assistance of counsel, the PCR applicant must prove: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant's case. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry,* 300 S.C. at 117, 386 S.E.2d at 625. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. To establish prejudice, the defendant is required "to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. Moreover, no prejudice occurs, despite trial counsel's deficient performance, where there is otherwise overwhelming evidence of the defendant's guilt. *Rosemond v. Catoe,* 383 S.C. 320, 325, 680 S.E.2d 5, 8 (2009).

## IV.

### A.

### Limited, Non-hearsay Corroborative Testimony in a CSC Case

In a CSC case, the testimony of a witness regarding the Victim's out-of-court statement is *not* hearsay when:

[T]he declarant testifies at the trial ... and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony in a criminal sexual conduct case or attempted criminal sexual conduct case where the declarant is the alleged Victim and the statement is *limited to the time and place of the incident.*

Rule 801(d)(1), SCRE (emphasis added).

In *Jolly v. State,* this Court found trial counsel ineffective for failing to object to the introduction of a social worker's testimony that the child Victim had discussed her sexual abuse by Jolly. 314 S.C. 17, 20, 443 S.E.2d 566, 568 (1994). This Court reversed the PCR court's denial of relief after finding there was a "reasonable probability" that the social worker's testimony affected the outcome of Jolly's trial. *Id.* at 21, 443 S.E.2d at 569.

■ Under Rule 801(d)(1), SCRE, corroborative witness testimony is limited to time and place of the alleged assault. The corroborative testimony cannot include "details or particulars" regarding the assault. *Dawkins v. State,* 346 S.C. 151, 156, 551 S.E.2d 260, 262 (2001). In *Dawkins,* four witnesses testified without objection regarding the Victim's out-of-court conversations with them concerning the alleged abuse, and each witness repeated the Victim's identification of Dawkins as the perpetrator. *Id.* at 154, 551 S.E.2d at 261. This Court

found trial counsel's failure to object to the admission of inadmissible corroborative hearsay was an error that fell below an objective standard of reasonableness. *Id.* at 156, 551 S.E.2d at 263. Furthermore, the Court disagreed with the PCR court's finding that no prejudice had resulted from the improper corroboration testimony, explaining:

[P]etitioner was prejudiced by counsel's deficient performance because improper corroboration testimony that is merely cumulative to the [V]ictim's testimony cannot be harmless.... '[I]t is precisely this cumulative effect which enhances the devastating impact of improper corroboration.'

*Id.* at 156–57, 551 S.E.2d at 263 (quoting *Jolly*, 314 S.C. at 21, 443 S.E.2d at 569).

In contrast to *Dawkins*, in another PCR case involving CSC, the Court applied the *Strickland* analysis and denied relief after finding: (1) defense counsel's failure to object to the admission of written witness statements that went beyond time and place of the alleged sexual assault fell below an objective standard of reasonableness, *but* (2) counsel's failure to object had not prejudiced the defendant's case "[i]n light of the overwhelming evidence presented by the State." *Huggler v. State*, 360 S.C. 627, 634–36, 602 S.E.2d 753, 757–58 (2004).

## B.

### Trial Strategy

■ Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Accordingly, when counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel. *Caprood v. State*, 338 S.C. 103, 110, 525 S.E.2d 514, 517 (2000).

In *Dawkins*, this Court rejected the PCR court's finding that trial counsel had a valid strategic reason for not objecting to the introduction of impermissible hearsay:

The testimony of the four witnesses relating what [the Victim] told them regarding her alleged sexual abuse served

only to bolster her credibility. This case hinged on whether [the Victim] was credible. The improper corroboration of [the Victim's] allegation of sexual abuse by several witnesses thus had a 'devastating impact' on petitioner's trial. Counsel's failure to object because he did not want to confuse or upset the jury does not constitute valid strategy.

346 S.C. at 157, 551 S.E.2d at 263. The Court added that counsel's trial strategy "was inappropriate especially given the fact there was not overwhelming evidence that petitioner sexually abused [the Victim]." *Id.*, 551 S.E.2d at 263. The Court concluded: "[C]ounsel did not articulate a valid strategy for failing to object to the testimony. Accordingly, we find petitioner is entitled to a new trial because he was prejudiced by counsel's deficient performance." *Id.*, 551 S.E.2d at 263. *Compare Watson v. State*, 370 S.C. 68, 634 S.E.2d 642 (2006) (finding trial counsel had articulated a valid strategy for not objecting to the corroborative and impermissible hearsay where counsel reasonably believed that objecting to the corroborative testimony could lead to the introduction of more damaging evidence).

## C.

### Petitioner Has Demonstrated Ineffective Assistance of Counsel

■ The forensic interviewer's testimony substantially exceeded the limitations of time and place set forth in Rule 801(d)(1)(D), SCRE. The presumption of adequate representation based on a valid trial strategy disappears when trial counsel acknowledged there was **no** trial strategy in mind when he failed to object to the improper hearsay and bolstering testimony. Moreover, we can discern no defensible basis for trial counsel's failure to challenge the forensic interviewer's objectionable testimony. The evidence in the record suggests that trial counsel was deficient, thereby satisfying the first prong of *Strickland*.

■ We next consider whether counsel's deficient performance resulted in prejudice to Smith. Having carefully reviewed the entire transcript of the underlying trial, we find Smith was prejudiced by trial counsel's deficient performance.

The contrary determination by the PCR court has no evidentiary support in the record.

We find this case strikingly similar to *Dawkins*. Here, as in *Dawkins*, the outcome of the case hinged on the Victim's credibility regarding identification of the perpetrator, and there was otherwise an absence of overwhelming evidence of Smith's guilt. The forensic interviewer's hearsay testimony impermissibly corroborated the Victim's identification of Smith as the assailant, and the forensic interviewer's subsequent opinion testimony improperly bolstered the Victim's credibility.

The State relied heavily on the forensic interviewer's testimony to overcome inconsistencies in the Victim's testimony. In its closing argument to the jury, the State highlighted the forensic interviewer's testimony:

> Well, Ginger Gist talked to [the Victim]. She's the forensic interviewer if you recall.... And she determines in her opinion [the Victim] is believable. Says she's examined many, many children and you know sometimes you just can't believe them. But she said she believed [the Victim]. Believed what [the Victim] told her.

There is no valid claim of overwhelming evidence of Smith's guilt. Even the State acknowledged in its brief that "there was a great deal of conflicting testimony from virtually every State and defense witness who testified at trial." Moreover, in addressing Smith at sentencing, the trial judge commented on the conflicting testimony: "I'm not giving you the maximum sentence in this matter. I'm not sure what all went on in this case. There is a lot of confusion as to the stories that were told by many of the witnesses."

The State's concession and the trial court's observation support our conclusion that Smith was prejudiced by deficient representation at trial and that confidence in the outcome was thereby undermined.

## V.

Because trial counsel was deficient in failing to object to the improper hearsay and bolstering testimony, and because this

deficiency prejudiced the outcome of Smith's trial, we reverse the denial of post-conviction relief.

**REVERSED.**

WALLER, PLEICONES, BEATTY, JJ., concur.

TOAL, C.J., dissenting in a separate opinion.

Chief Justice TOAL, dissenting.

I respectfully dissent. In my view, the PCR court's denial of Petitioner's application should be affirmed.

The PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). In my view, trial counsel's performance was not deficient. Nonetheless, even if it was deficient, Petitioner suffered no prejudice.

In my opinion, the PCR court correctly found that trial counsel articulated a valid trial strategy consistent with his failure to object to the inadmissible hearsay testimony at issue. This finding is supported by trial counsel's testimony and should be affirmed. *See Watson v. State*, 370 S.C. 68, 73, 634 S.E.2d 642, 644 (2006) (holding that where trial counsel articulates "a valid reason for failing to object to ... hearsay testimony," he has not performed deficiently with respect to the lack of objection).

Nonetheless, even if trial counsel's performance was deficient, Petitioner suffered no prejudice. In my view, the State presented overwhelming evidence of Petitioner's guilt.[2] Therefore, it is not reasonably probable that the result of Petitioner's trial would have been different absent counsel's alleged deficient performance. See *Cherry*, 300 S.C. at 117–18, 386 S.E.2d at 625 (holding that a PCR applicant has shown prejudice where he is able to show "a reasonable probability

---

**2.** First, the State presented evidence that showed the victim was a 12 year old girl that had sexual intercourse. Second, a nurse practitioner and physician who examined the victim testified that the intercourse was not consensual. Third, the victim positively identified Petitioner as her attacker. Fourth, the DNA profile developed from material collected during an examination of the victim was a 1 in 1600 match to Petitioner.

that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

For these reasons, I would affirm the PCR court's denial of Petitioner's application.