17907

Mrs. Ruby HICKS, Respondent, v. Alvin A. COLEMAN, Jr., Administrator of the Estate of George H. Kraus, Appellant

(125 S. E. (2d) 473)

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Appellant,*

*Philip H. Arrowsmith, Esq.,* of Florence, *for Respondent,*

May 2, 1962.

TAYLOR, Chief Justice.

This is a companion case to that of *Hicks v. Coleman,* 125 S. E. (2d) 470 filed herewith.

The defendant-Appellant is the same in each case and Respondent here is the wife of Nople Hicks, Respondent in the other case, and was a passenger in the Hicks' car at the time of the collision. Hence, the facts in the two cases are

essentially the same, with the exception that in instant case Respondent's counsel requested and was granted permission to impeach the witness Harrell, a colored attendant at a service station near the intersection, when he testified that he imagined the Cadillac was "going around twenty or twenty-five miles an hour" when he first saw it. The jury was excused and the witness further examined as to what he had told counsel previously. Thereafter, in the presence of the jury, the witness testified as follows:

"Q. Curtis, do you recall me being down and talking to you about the accident?

"A. Yes, sir.

"Q. At the time I talked with you, you were changing a tire at the Phillips Esso Station?

"A. Yes, sir.

"Q. Mr. and Mrs. Hicks were there also?

"A. Yes, sir.

"Q. We waited there for you to finish working on that tire?

"A. Yes, sir.

"Q. I had never talked with you about the case before?

"A. No, sir.

\* \* \*

"Q. At that time, did you not tell me, in the presence of Mr. and Mrs. Hicks that when you first saw the car that your estimate of the speed of the Cadillac was 60 or 70 miles an hour? Did you make that statement to me?

"A. Yes, sir.

"Q. Why did you in court today say it was going 20 miles an hour, \* \* \*"

"\* \* \*, the general rule that a party cannot directly impeach or discredit his own witness is subject to the exception that when a witness proves hostile or recalcitrant, the party calling him may probe his conscience or test his recollection to the end that the whole truth may be laid bare; and the extent to which this may be done

depends upon judicial discretion exercised in the light of the circumstances in which the question arises. * * *

"The cases generally hold that for a party to be able to impeach his own witness on the ground of surprise or entrapment, it is essential that it appear that the party has been actually surprised by the testimony of such witness, or that he has been deceived or entrapped into introducing the witness because of such contradictory statements; * * *." *State v. Nelson,* 192 S. C. 422, 7 S. E. (2d) 72.

We see no abuse of discretion on the part of the Trial Judge under the circumstances heretofore related and the question of sufficiency of the evidence to require submission of the case to the jury was disposed of in the *Hicks case.*

We are of opinion that all exceptions should be overruled and the verdict and judgment appealed from affirmed; and IT IS SO ORDERED. Affirmed.

Moss, Lewis and Bussey, JJ., concur.