17906

Nople HICKS, Respondent, v. Alvin A. COLEMAN, Jr., Administrator
of the Estate of George H. Kraus, Appellant

(125 S. E. (2d) 470)

See also 125 S. E. (2d) 473.

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence,
*for Appellant,*

*Philip H. Arrowsmith, Esq.,* of Florence, *for Respondent.*

May 2, 1962.

TAYLOR, Chief Justice.

This appeal is from an action brought for actual damages allegedly arising out of an automobile collision when Respondent's car, driven by him, collided with one driven by Mr. George H. Kraus, deceased.

The collision occurred at the intersection of Irby Street (U. S. Highway 301) and Cherokee Road in the City of Florence, South Carolina, on February 3, 1960, between a Dodge automobile driven by Respondent and a Cadillac automobile driven by the Appellant's intestate, Kraus. Both Irby Street and Cherokee Road are 66 feet in width, with four lanes of traffic at the intersection controlled by a traffic light.

There is testimony to the effect that Respondent, headed north, approached the intersection in the lane nearest the center line, that he stopped or hesitated twice before entering the intersection. Across the street, headed south, and in its inside lane, was a Hudson automobile, referred to as the Buffkin car. Immediately to the rear of the Hudson was a truck, referred to as a large red and white truck. Respondent was making a left turn to the west and the Buffkin car was making what was to it a left turn to the east. The large red and white truck was observed moving slowly out from behind the Buffkin car into the center lane of traffic when the Kraus car pulled out from behind the truck into the lane of traffic nearest the curb and into the intersection before

Respondent's car had cleared the intersection, striking it in the right side and knocking it approximately 9 feet sideways.

Appellant at appropriate stages moved for nonsuit, directed verdict, and judgment *non obstante veredicto* or in the alternative for a new trial, based upon the contention that the evidence shows that Respondent turned left at a. busy intersection directly in front of and in the path of Appellant's automobile when Appellant had the right-of-way; and, second, that there was no competent evidence of speed on the part of Appellant and if such evidence did exist, the contributory negligence of Respondent in turning left in the path of Appellant's oncoming car was sufficient to bar recovery.

Witness Curtis Harrell testified that he was an employee at Phillips ESSO Station, located at the intersection, that he was about his work at the time when his attention was attracted by the noise caused by the brakes on the Kraus car being applied, that the Buffkin car had stopped before entering the intersection headed south and behind it was a truck headed south on Irby Street, all in the inside traffic lane; that the Kraus car ran around the truck in the right lane and into the intersection going "pretty fast" and struck the Hicks' car.

Respondent testified that when he first saw the Kraus automobile, it was coming from behind the truck "plenty swift" and estimated its speed to be around 50 miles per hour in the 35 miles per hour zone, that the brakes having been applied, it was "nosing down". The front wheels left skid marks of 10 feet and the back wheels 7 feet before striking Respondent's car driving driving it 9 feet sideways.

It is well established that in passing upon a motion by defendant for directed verdict, the testimony must be viewed in the light most favorable to plaintiff, and if more than one reasonable inference can be drawn or if the inferences to be drawn from the testimony are in doubt, the case should be submitted to the jury, *Lineberger v. City of Greenville,* 178 S. C. 47, 182 S. E. 101; *Lynch v. Pee*

*Dee Express, Inc.,* 204 S. C. 537, 30 S. E. (2d) 449, or if the conclusion to be drawn from the testimony is doubtful and uncertain, the Court will not decide the question as one of law and it must be submitted to the triers of the fact, *Lawter v. War Emergency Co-operative Ass'n,* 213 S. C. 286, 49 S. E. (2d) 227; *Spencer v. Kirby,* 234 S. C. 59, 106 S. E. (2d) 883.

■ "The violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010; *Lawrence v. Southern Ry.*—Carolina Division, 169 S. C. 1, 167 S. E. 839; *Dickson v. Inter-Carolina[s] Motor Bus Co.,* 161 S. C. 297, 159 S. E. 625." *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465.

Section 46-422, Code of Laws of South Carolina, 1952, provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn."

■ Appellant contends that Respondent entered the intersection in violation of the foregoing section of the Code and is therefore guilty of negligence *per se.*

The Buffkin automobile was headed south on the inside lane preparatory to making a left turn; the truck behind the Buffkin car was slowly pulling to the right into the middle lane; Appellant's car, being also in the center lane behind the truck, pulled further to the right to the outside lane at a speed estimated at 50 miles per hours, certainly

at a sufficient speed to cause the front end to nose down and the front tires to skid 10 feet and the rear tires to skid 7 feet before driving the other car 9 feet sideways. Under the evidence it became a question for the jury whether the Appellant's car, unseen until it emerged from behind the truck, and the Buffkin car entered the intersection at an excessive rate of speed and whether such was the proximate cause of the injury or whether Respondent entered the intersection in violation of Section 46-422, Code of Laws of South Carolina, 1952, and was guilty of negligence *per se* and if so, whether such negligence contributed as the proximate cause of the injury so as to bar recovery. *Green v. Sparks,* 232 S. C. 414, 102 S. E. (2d) 435; *Chapman v. Associated Transport, Inc., supra; Spencer v. Kirby,* 234 S. C. 59, 106 S. E. (2d) 883.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed and the verdict and judgment appealed from affirmed, and IT IS SO ORDERED. Affirmed.

Moss, Lewis and Bussey, JJ., and Legge, Acting J., concur.