493 S.E.2d 854

The STATE, Respondent,

v.

Juan Adriano BARROSO a/k/a "Juan Juan", Kenneth D. Jefferson, David Ray Matthews, Michael A. Poston, Grier Carter Copeland, James Alfred Hudson a/k/a "Bimbo", Dennis M. Jefferson, John E. Watford, Jr., Herman McClain, Henry Christopher Grady, Ronald Mackey Amerson, Ronnie Ellison Moody, Derrick Randy Lloyd, James Michael Hill, James Napoleon Smith, William Van Jefferson, Bobby Bell, Garris Edwin Amerson, Ronald Thomas Rogers, Tommy L. McElveen, Freddie Stevens, Jr., and Gene Edward Taylor, Defendants,

Of whom Bobby Bell, John E. Watford, Jr., James Michael Hill, and Tommy L. McElveen are Petitioners.

No. 24719.

Supreme Court of South Carolina.

Heard April 15, 1997.

Decided Dec. 1, 1997.

Chief Attorney Daniel T. Stacey, for petitioner Bobby Bell; Assistant Appellate Defender Robert M. Dudek, for petitioner John E. Watford; Assistant Appellate Defender M. Anne Pearce, for petitioner Tommy McElveen, all of S.C. Office of Appellate Defense; and Tara Dawn Shurling, Columbia, for petitioner James Michael Hill.

Attorney General Charles Molony Condon; Chief Jonathan E. Ozmint, and Assistant Attorney General Chris Gantt Hoffman, both of State Grand Jury, Columbia, for respondent.

FINNEY, Chief Justice:

This is a state grand jury cocaine conspiracy case. Twenty-two individuals were indicted for trafficking in more than 400 grams. Eleven of the individuals were tried together; seven (including the four petitioners) were found guilty as charged, two were convicted of lesser offenses, and two were acquitted. The seven convicted of trafficking appealed, and the Court of Appeals affirmed the convictions of six, and reversed that of the seventh. *State v. Barroso,* 320 S.C. 1, 462 S.E.2d 862 (Ct.App.1995). This Court granted certiorari to review one issue: Whether petitioners were denied a fair trial because the State was permitted to introduce voluminous testimony of other bad acts, primarily concerning marijuana use and distribution? We find that they were, and accordingly reverse their convictions and remand.

This cocaine case involved numerous individuals in the Lamar area. Several weeks earlier a marijuana trafficking case had been tried in the same geographic area, involving some of the same individuals involved in this cocaine trial. Only one of these petitioners, Mr. Bell, was indicted in the marijuana conspiracy, and he was acquitted. The Court of Appeals held, agreeing with the State's contentions before that

Court, that "these were two distinct conspiracies with distinct co-conspirators, distinct time periods, distinct places of operation, distinct offenses and distinct overt acts." *State v. Barroso*, 320 S.C. at 16, 462 S.E.2d at 872. This holding was not challenged by the State, and therefore is the law of the case. *Mathis v. Johnson*, 258 S.C. 321, 188 S.E.2d 466 (1972). Further, to the extent we can discern the roles of the participants in the two conspiracies from this record, it appears that while the main figures were largely the same, the lesser players were dissimilar. These petitioners are all lesser participants in the alleged cocaine conspiracy.

■ Over the vigorous objection of the petitioners and the other defendants, the State was permitted at this cocaine trial to elicit from its own witnesses extensive testimony regarding marijuana use and sales, including detailed descriptions of the witnesses' own propagation, use and distribution of marijuana; their dealings with other State's witnesses; and evidence of sales to petitioners Watford, Bell, and McElveen.[1] Although no direct evidence tied petitioner Hill to marijuana, the State was allowed to present evidence that he used cocaine before the time period specified in the conspiracy indictment.

■ The State asserted this marijuana evidence was admissible as "other bad acts" under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). While the general rule is that evidence of other bad acts by the defendant is not admissible to prove the defendant committed the crime charged, under *Lyle*, evidence of these other bad acts **may** be admitted to prove the defendant's guilt if that evidence establishes: (1) motive; (2) intent; (3) absence of mistake or accident; (4) identity; or (5) **a common scheme or plan involving other crimes so closely related to the one charged that proof of one tends to prove**

---

1. Thirty-four witnesses testified to evidence of marijuana importation, distribution, and use. The gist of this testimony was that the three main figures in this **cocaine** conspiracy (financial backers Kenneth Jefferson and Grier Copeland, and primary distributor "Bimbo" Hudson) dealt in large quantities of **marijuana** before the inception of the cocaine conspiracy. The only marijuana testimony involving these petitioners came from three witnesses, one of whom testified to a single sale to petitioner Bell, another to two sales to petitioner McElveen, and a third who testified that petitioner Watford had bought marijuana from her husband.

**the other.** *Id.* (emphasis added). The evidence adduced at trial against these petitioners showed isolated purchases of marijuana in amounts indicating the petitioners were merely personal users. *Cf., State v. Gunn,* 313 S.C. 124, 437 S.E.2d 75 (1993) (proof of a buyer-seller relationship is insufficient to tie the buyer to the conspiracy). We fail to see how this evidence of isolated marijuana transactions is probative of petitioners' participation in the marijuana conspiracy, much less how it is probative of petitioners' alleged roles as dealers in the cocaine trafficking conspiracy. As it relates to these petitioners, we find no evidence of a common scheme or plan within the meaning of *Lyle.*

■ As the State argued and the Court of Appeals held, the bulk of the marijuana evidence admitted at the trial did not involve these petitioners. *See* footnote 1, *supra.* We do not agree that this fact is sufficient to allay prejudice to the petitioners. The evidence against petitioners was far from overwhelming, resting entirely on the testimony of several individuals, all "higher up" in the cocaine conspiracy hierarchy, who had turned State's evidence in order to receive reduced sentences. The extensive evidence of extraneous bad acts by the State's witnesses served here to bolster their credibility, in the sense that they were presented to the jurors as repentant persons determined to clear their consciences and assist the State in restoring law and order in Lamar. *Compare,* e.g., *State v. Joseph,* 328 S.C. 357, 491 S.E.2d 275 (1997) (impeached witness not permitted to explain circumstances surrounding criminal conviction in order to mitigate its impact). We find that the erroneously admitted evidence here served to prejudice these petitioners by raising a spurious inference of guilt. This effect was exacerbated in this mass conspiracy trial, with the enhanced danger that the jury would lose sight of individual guilt, and convict for reasons other than the evidence. *See State v. Gunn, supra.*

■ Since the State's witnesses were not on trial, *Lyle*-type evidence of their participation in marijuana trafficking was simply irrelevant. We remind the State that mere association with admitted members of the conspiracy is insufficient to tie other persons to the conspiracy. *State v. Sullivan,* 277 S.C. 35, 282 S.E.2d 838 (1981) *cited with approval in State v.*

*Gunn, supra.* Contrary to the holding of the Court of Appeals, we cannot construe this extensive evidence of marijuana trafficking from the State's witnesses as simply impeachment evidence elicited by the State from its own witnesses to "draw the sting out" of cross-examination. Impeachment evidence is limited to admission of the fact of the misconduct, and does not encompass the details of the transgression. *E.g., State v. Allen,* 266 S.C. 468, 224 S.E.2d 881 (1976); *State v. Joseph, supra.* The evidence here far exceeded the permissible scope of impeachment. Further, at the time this case was tried, our law prohibited a party from impeaching its own witness. *Cf., Hicks v. Coleman,* 240 S.C. 227, 125 S.E.2d 473 (1962).

The marijuana evidence was not admissible at trial, and its admission prejudiced the petitioners. Accordingly, we

**REVERSE AND REMAND.**

TOAL, MOORE, BURNETT, JJ., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.