565 S.E.2d 766

**David Ray MATTHEWS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25487.**

Supreme Court of South Carolina.

Submitted Dec. 13, 2001.

Decided June 17, 2002.

274

Deputy Chief Attorney Joseph L. Savitz, III, of Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General David Spencer, all of Columbia, for respondent.

Justice BURNETT.

David Ray Matthews ("Matthews") appeals the denial of post-conviction relief ("PCR"). We reverse.

## FACTS/PROCEDURAL HISTORY

The State Grand Jury indicted David Ray Matthews ("Matthews") along with twenty-one others for trafficking cocaine in excess of 400 grams.[1] The solicitor, in addition to other

---

1. Matthews and ten of his co-conspirators were tried together. A jury convicted seven of the co-conspirators of the indicted charge, convicted two of lesser offenses and acquitted two. The Court of Appeals reversed one conviction and affirmed six, including Matthews. *State v. Barroso*, 320 S.C. 1, 462 S.E.2d 862 (Ct.App.1995) (*Barroso I* ). The six petitioned for a writ of certiorari to this Court.

Subsequently, Matthews and one co-defendant, moved to withdraw their petitions to pursue PCR. After warning the two of the dangers of

errors,[2] vouched for the credibility of a State's witness by stating during her summation:

Now, you may not have liked Bimbo Hudson. I didn't like Bimbo Hudson. I don't have to like him. All I have to do is determine whether or not he is a credible witness. I don't trust any of these people **until I corroborate their testimony.** And **once I corroborate their testimony,** yes, I put them on the witness stand because they were the ones that were there, they were the ones that can tell it.

(emphasis added). A jury convicted Matthews of the indicted charge. After unsuccessfully challenging his conviction on appeal, he instituted this PCR.

At the PCR hearing, Matthews' trial counsel testified he believed the remarks were improper but felt continual objections would adversely affect his client. The PCR judge denied relief finding Matthews failed to carry his burden of proof that counsel rendered ineffective assistance.

## ANALYSIS

■ Matthews argues counsel rendered ineffective assistance by failing to object to solicitor's comments vouching for the credibility of the State's witness. We agree.

■ The applicant bears the burden to prove allegations in a PCR. *Butler v. State,* 286 S.C. 441, 334 S.E.2d 813 (1985), *cert. denied,* 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). To prove ineffective assistance of counsel, the applicant must show trial counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable

---

withdrawing the petitions, this Court granted the motions. We subsequently granted certiorari to the remaining petitions and reversed the convictions. *State v. Barroso,* 328 S.C. 268, 493 S.E.2d 854 (1997) (*Barroso II* ).

2. *See Barroso II, supra.* The solicitor improperly introduced a marijuana conspiracy involving several of the defendants throughout the trial. In her summation, the solicitor also made references to various unrelated crimes without objection from Matthew's counsel.

probability is a probability sufficient to undermine confidence in the outcome of the trial. *Johnson v. State, supra.*

The State argues counsel's failure to object was valid trial strategy. Counsel, at the PCR hearing, testified he did not object because he did not want the trial judge to scold him in front of the jury or give the prosecution any more time to make their closing. The record does reflect the trial judge admonished counsel for wrongfully objecting during the solicitor's summation. The trial judge also granted additional time to solicitor's closing to compensate for the interruption.

 Where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel. *Stokes v. State,* 308 S.C. 546, 419 S.E.2d 778 (1992); *Whitehead v. State,* 308 S.C. 119, 417 S.E.2d 529 (1992). However, counsel cannot assert trial strategy as a defense for failure to object to comments which constitute an error of law and are inherently prejudicial. *See Dawkins v. State,* 346 S.C. 151, 551 S.E.2d 260 (2001)(Counsel's failure to object to prejudicial hearsay because he did not want to "confuse or upset the jury" was not valid strategy); *Gallman v. State,* 307 S.C. 273, 414 S.E.2d 780 (1992)(Trial counsel's failure to object to judge's comments inviting jury to prematurely discuss the case was not "strategic" where error of law involved and such comments are inherently prejudicial).

 The solicitor's statement is improper. A solicitor may argue the credibility of the State's witnesses if the argument is based on the record and its reasonable inferences. *State v. Caldwell,* 300 S.C. 494, 388 S.E.2d 816 (1990). A solicitor may not vouch for the credibility of a State's witness based on personal knowledge or other information outside the record. *State v. Kelly,* 343 S.C. 350, 540 S.E.2d 851 (2001). Vouching for a witness based on outside material conveys the impression to the jury that the solicitor has evidence not presented to the jury but known by the prosecution which supports conviction. *Id.* It is inappropriate for the State to assure the jury of a witness' credibility, because the jury is charged with assessing the credibility of witnesses based on evidence in the record. *Id.*

The solicitor's summation led the jury to believe the government corroborated the witness' testimony before trial and

found it credible. The solicitor did not support this vouching with anything within the record, such as corroboration by other witnesses or physical evidence. The solicitor improperly vouched for the witness.

Counsel's failure to object was incorrect and prejudicial. The mass drug conspiracy trial created an environment where the jury faced an overwhelming number of defendants, attorneys, witnesses, and evidence.[3] This Court, in the related case of *Barroso II, supra,* noted the evidence against Matthews' co-defendants was far from overwhelming, resting entirely on testimony of individuals, all higher in the cocaine conspiracy hierarchy, who testified for the State for reduced sentences. Moreover, the State erroneously introduced voluminous testimony of other prior bad acts which served as a basis for this Court overturning the co-defendants' convictions. *See Barroso II, supra.*

Counsel's failure to object prejudiced his client by allowing the solicitor to vouch for the credibility of a key State's witness. His silence compounded the duty of a jury faced with a confusing, mass trial characterized by improperly admitted evidence. *See id.* We believe Matthews has carried his burden to establish prejudice by counsel's failure to object. For these reasons we **REVERSE.**

TOAL, C.J., MOORE and PLEICONES, JJ., concur. WALLER, J., not participating.

---

**3.** This case occurred before *State v. Gunn,* 313 S.C. 124, 437 S.E.2d 75 (1993), where this Court cautioned against mass drug conspiracy trials.