578 S.E.2d 8

**SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**S.E.C.U.R.E. UNDERWRITERS RISK RETENTION GROUP,**
Ralph W. Garrison, Mary Garrison, Garrison Pest Control, Inc., Jack C. Purvis, Susan Purvis, and Jordan Purvis, a minor under the age of fourteen (14) years, Defendants,

of whom S.E.C.U.R.E. Underwriters Risk Retention Group is Respondent.

No. 25602.

Supreme Court of South Carolina.

Heard Feb. 5, 2003.
Decided March 10, 2003.

Louis D. Nettles, of Nettles, McBride, Hoffmeyer, P.A., of Florence, for petitioner.

Carlton Bruce Bagby, of Columbia, for respondent.

Justice BURNETT.

This is a declaratory judgment action concerning the priority of coverage for concurrent insurance policies issued by two insurance companies. The Court of Appeals held Petitioner South Carolina Farm Bureau Mutual Insurance Company's (Farm Bureau's) policy was primary and Respondent S.E.C.U.R.E. Underwriters Risk Retention Group's (SECURE's) insurance was excess. *South Carolina Farm Bureau Mutual Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Group*, 347 S.C. 333, 554 S.E.2d 870 (Ct.App.2001). We reverse.

## *FACTS*

Farm Bureau issued a homeowners liability policy to Ralph and Mary Garrison. SECURE issued a commercial general liability policy to the Garrisons' pest control business. The Garrisons' pet dog bit a child while on the premises of the pest control business. Both insurance companies denied coverage and asserted, if there was coverage, their coverage was secondary.

The Court of Appeals held both policies covered the occurrence. In addition, it applied the "total policy insuring intent" rule to conclude Farm Bureau's policy provided primary coverage while SECURE's coverage was excess. *Id.*

We granted a writ of certiorari to review the application of the "total policy insuring intent" rule.[1]

## ISSUE

Did the Court of Appeals properly apply the "total policy insuring intent" rule to determine Farm Bureau's policy was primary and SECURE's was excess?

## DISCUSSION

█ Farm Bureau contends the Court of Appeals misapplied the "total policy insuring intent" rule established in *South Carolina Ins. Co. v. Fidelity and Guar. Ins. Underwriters, Inc.*, 327 S.C. 207, 489 S.E.2d 200 (1997) (*Fidelity*), to conclude its policy provided primary coverage while SECURE's provided secondary coverage for the occurrence. Farm Bureau asserts because the policies' "other insurance" clauses provide Farm Bureau's coverage is excess while SECURE's is primary, the Court of Appeals erred by holding otherwise. We agree.

Farm Bureau's "other insurance" clause provides:

**Other Insurance–Coverage E—Personal Liability.**

This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

SECURE's "other insurance" clause provides:

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

*a.  Primary Insurance*

*This insurance is primary except when b. below applies.*

*If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.*

---

1.  Although it argued in its brief that the two insurance policies did not provide concurrent coverage, SECURE did not petition the Court for a writ of certiorari on this issue. Accordingly, the Court of Appeals' decision that the policies provided concurrent coverage is the law of the case. *State v. Barroso*, 328 S.C. 268, 493 S.E.2d 854 (1997) (where party fails to challenge holding by Court of Appeals, ruling is law of the case).

Then, we will share with all that other insurance by the method described in c. below.

b.  Excess Insurance

This insurance is excess over any of the other insurance, whether primary, excess, contingent or any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2) That is Fire Insurance for premises rented to you; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos", or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend.  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations and Coverage Part.

c.  Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.  If any of the other insurance does not permit contribution by equal shares, we will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of insur-

ance to the total applicable limits of insurance of all insurers.

(Underline added).

In *Fidelity, id.,* the Court was presented with the situation where two concurrent policies contained competing "excess" "other insurance" clauses (i.e., the language of both policies declared they were "excess" to other available coverage). The Court agreed that, "in many cases, 'excess' 'other insurance' clauses should cancel each other out, because two policies with such clauses cannot *both* be treated as 'excess' policies," but held the "total policy insuring intent" should "always remain the central issue in apportioning liabilities among multiple insurers." *Id.,* 327 S.C. at 215, 489 S.E.2d at 204 (italic in original). Accordingly, the Court held "other insurance" clauses constitute only one factor among many others to consider in determining how to apportion liability.

In conclusion, the Court held:

We find that in determining whether a loss covered by multiple insurers should be prorated, or whether one policy should be treated as an 'excess' policy, courts in South Carolina should consider the 'total policy insuring intent' based on all the language of the insurance policies at issue. *If two policies both contain 'excess' clauses, but otherwise appear to provide for primary coverage, the excess clauses should be disregarded, and the concurrently covered loss prorated according to the policy limits of the respective policies.*

*Id.,* 327 S.C. at 219, 489 S.E.2d at 206 (underline added).

■ The Court of Appeals erred by applying the "total policy insuring intent" rule in this case. According to *Fidelity,* the "total policy insuring intent" rule applies when a court is required to determine liability among insurers when there are **competing** insurance clauses.[2]

---

2. The underlying facts, language of the opinion, and *State Farm Fire & Cas. Co. v. LiMauro,* 65 N.Y.2d 369, 492 N.Y.S.2d 534, 482 N.E.2d 13 (N.Y.1985), discussed at length in the decision, support this conclusion. In *LiMauro,* the New York Court of Appeals was required to determine the priority of three automobile insurance policies. As noted in *Fidelity,* "[o]ne of the policies indisputably provided primary coverage, so the New York court only had to resolve whether the amount of the loss

Under the plain language of SECURE's "other insurance" clause, its insurance is primary. Under the plain language of Farm Bureau's "other insurance" clause, its insurance is "excess." Because these two provisions are not mutually repugnant, it was unnecessary to apply the "total policy insuring intent" rule to allocate priority between the two carriers.[3] Accordingly, the Court of Appeals erred in applying the "total policy insuring intent" rule to hold Farm Bureau's policy was primary while SECURE's policy was secondary.

**REVERSED.**

TOAL, C.J., MOORE, PLEICONES, JJ., and Acting Justice J. ERNEST KINARD, Jr., concur.

---

exceeding the limits of the primary policy should be prorated between the other two insurers,...." *Fidelity*, 327 S.C. at 216, 489 S.E.2d at 204.

**3.** In essence, the Court of Appeals applied the "total policy insuring intent" rule first to determine Farm Bureau's policy was primary, in spite of policy language to the contrary, and, consequently, in conflict with the primary nature of SECURE's policy. It again applied the "total policy insuring intent" rule to conclude Farm Bureau's policy was primary because it contained a clause specifically providing coverage for animal liability.