IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO.PD-1882-03






MELVIN GOODSPEED, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


 BOWIE COUNTY





 Price, J., filed a concurring opinion, in which Cochran, J., joined.


O P I N I O N 




 I agree with the majority that the record in this case is inadequate for us to resolve
the appellant's ineffective assistance of counsel claims. I write separately to explain the
difference between this case and Andrews v. State. (1)

 In Andrews, defense counsel failed to correct a misstatement of the law that was
harmful to his client. (2) There was no possible reasonable trial strategy that would lead
defense counsel to choose to remain silent. Thus, counsel's reasons, if any, were
unnecessary to resolve the ineffective assistance of counsel claim. (3) 

 I have doubts about whether defense counsel in this case was pursuing a
reasonable trial strategy when he failed to ask questions of the venire panel. Nonetheless,
it is possible that there was some legitimate reason for counsel's choice that is not
apparent in the record before us. In this case, the record is inadequate for us to determine
whether counsel was ineffective. Habeas proceedings are a more appropriate avenue in
this case.

 With these comments, I join the majority opinion.


Filed: April 6, 2005.

Publish.
1. Andrews v. State, No. PD-993-03 (Tex. Crim. App. delivered Mar. 23, 2005).
2. Id., slip op., at 3.
3. Id., slip op., at 6. See Matthews v. State, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002)
(concluding that "[C]ounsel cannot assert trial strategy as a defense for failure to object to
comments which constitute an error of law and are inherently prejudicial").