THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Brian Sims, Appellant.
 
 
 

Appeal From Cherokee County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2009-UP-094
Submitted February 2, 2009  Filed
 February 23, 2009    
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Michelle J. Parsons, all of Columbia and Solicitor Harold W.
 Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: 
 Brian Sims appeals his assault and battery with intent to kill conviction and
 fifteen-year sentence arguing the trial court erred in allowing the State to
 improperly vouch for a witness.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Matthews v.
 State, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002). (Vouching for a witness based on outside material
 conveys the impression to the jury that the solicitor has evidence not
 presented to the jury but known by the prosecution which supports conviction.); State v. Shuler, 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001) (finding
 the State improperly vouches for a witness by placing the governments
 prestige behind a witness by making explicit personal assurances of a witness[s]
 veracity, or where a prosecutor implicitly vouches for a witness[s] veracity
 by indicating information not presented to the jury supports the testimony); State
 v. Shuler, 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001) (holding the State
 did not vouch for a witness by mentioning a plea agreements provision
 requiring the witness tell the truth  when the State neither implied special
 knowledge or guaranteed veracity of the testimony). 
AFFIRMED.
HEARN, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.