**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tommy S. Adams, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-200566

Appeal From Edgefield County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2015-UP-174
Heard December 8, 2014 – Filed April 1, 2015

**REVERSED**

Teresa L. Norris, of Blume Norris & Franklin-Best, LLC, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General John Walter Whitmire, and Assistant Attorney General Mary Williams Leddon, all of Columbia, for Respondent.

**PER CURIAM:** Tommy S. Adams was convicted of lewd act on a child under sixteen and first-degree criminal sexual conduct with a minor. He appeals from the

denial and dismissal of his application for post-conviction relief (PCR), arguing his trial counsel was ineffective.[1] We agree.

We find Adams' trial counsel was ineffective in failing to object to the admission of Adams' statement to police because it was improper character evidence and should not have been admitted. *See State v. Haselden*, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) ("Character evidence is not admissible to prove the accused possesses a criminal character or has a propensity to commit the crime with which he is charged."). The State used Adams' statement in its closing argument as evidence of Adams' bad character to prove he was guilty as charged. *See State v. Nelson*, 331 S.C. 1, 15-16, 501 S.E.2d 716, 723-24 (1998) (finding defendant's statements to police that he "was uncomfortable around adult women" and "he had fantasies about children" were improper character evidence and were not relevant to the crime charged). Further, we find trial counsel's explanation he did not object to the statement because he did not want to "wave a red flag" before the jury was not a reasonable strategy because the issue could have been litigated outside the presence of the jury. *See Dawkins v. State*, 346 S.C. 151, 157, 551 S.E.2d 260, 263 (2001) (finding trial counsel's failure to object to testimony because he did not want to confuse or upset the jury was not a valid strategy because he could have sought a determination as to the inadmissibility of the testimony out of the hearing of the jury); *see also Matthews v. State*, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002) ("[C]ounsel cannot assert trial strategy as a defense for failure to object to comments which constitute an error of law and are inherently prejudicial."). Finally, we find there was not overwhelming evidence of Adams' guilt; therefore, the PCR court erred in finding Adams failed to prove prejudice. *See generally Smith v. State*, 386 S.C. 562, 566, 689 S.E.2d 629, 631 (2010) (stating "no prejudice occurs, despite trial counsel's deficient performance, where there is otherwise overwhelming evidence of the defendant's guilt").

We decline to address Adams' remaining issues because our determination that Adams' counsel was deficient for failing to object to the admission of his statement to police is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

---

[1] Adams filed an application for PCR, and after an evidentiary hearing, the PCR court filed its order denying Adams relief. Adams thereafter filed a petition for a writ of certiorari, which this court granted.

**REVERSED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**