**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Tommy S. Adams, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2015-001342

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal From Edgefield County
The Honorable William P. Keesley, Circuit Court Judge

———————

Memorandum Opinion No. 2016-MO-015
Submitted March 29, 2016 – Filed April 20, 2016

———————

**REVERSED AND REMANDED**

———————

Attorney General Alan McCrory Wilson, Assistant
Attorney General John Walter Whitmire, Assistant
Attorney General Patrick Schmeckpeper, all of
Columbia, for Petitioner.

Teresa L. Norris, of Blume Norris & Franklin-Best, LLC,
of Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the decision of the court of appeals in *Adams v. State,* Op. No. 2015-UP-174 (S.C. Ct. App. filed April 1, 2015). We grant the petition for a writ of certiorari, dispense with further briefing, reverse the decision of the court of appeals, and remand the matter to the court of appeals.

Following a hearing, the PCR judge denied the application for post-conviction relief (PCR) filed by respondent (Adams). The court of appeals granted Adams' petition for a writ of certiorari and reversed the decision of the PCR judge. The court held a statement made by Adams to police was inadmissible character evidence and trial counsel was ineffective in failing to object to its admission. The court rejected trial counsel's reasoning for failing to object.

Because Adams' statement could be interpreted, and was interpreted by the solicitor, as circumstantial evidence of Adams' control over and sexual use of the victim, the statement was relevant. Rule 401, SCRE (evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence). It was not inadmissible character evidence that Adams had a propensity to commit criminal sexual conduct with a minor or lewd acts. *See State v. Holder,* 382 S.C. 278, 676 S.E.2d 690 (2009) (the term "character" refers to a generalized description of a person's disposition or an aspect of an individual's personality that is usually described as a "propensity" to engage or not engage in various forms of conduct). *Cf. State v. Nelson*, 331 S.C. 1, 501 S.E.2d 716 (1998) (where children's toys, videos, photographs depicting young girls, and other evidence seized from the defendant's bedroom could only invite the jury to infer the defendant was acting in conformity with his pedophilia when he committed the crimes with which he was charged, the evidence should not have been admitted). Further, trial counsel articulated a reasonable trial strategy for not objecting because he expected Adams to testify that the statement was made during a conversation in which he was advising the victim not to let anyone touch her inappropriately. *Matthews v. State*, 350 S.C. 272, 565 S.E.2d 766 (2002) (where counsel articulates a valid reason for employing certain strategy, the conduct will not be deemed ineffective assistance of counsel). Accordingly, we hold the court of appeals erred in

reversing the PCR judge's finding that trial counsel was not ineffective in failing to object to Adams' statement to police.[1]

Because Adams raised other allegations of error by the PCR judge that the court of appeals did not address, we remand this matter to the court of appeals to rule on those issues.

**REVERSED AND REMANDED.**

**PLEICONES, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur. FEW, J., not participating.**

---

[1] We express no opinion on the allegations that trial counsel was ineffective in failing to elicit testimony from Adams and/or his sons to explain the context of the statement.