**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew C. Dwyer, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-002210

———————————

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-121
Submitted January 1, 2023 – Filed March 22, 2023

———————————

**AFFIRMED**

———————————

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

Assistant Attorney General Zachary William Jones, of Columbia, for Respondent.

———————————

**PER CURIAM:** This Court granted certiorari to review the post-conviction relief (PCR) court's finding Petitioner Matthew Dwyer failed to prove his trial counsel was ineffective for advising him against testifying at trial. We affirm.

Dwyer was charged with the murder of John Singleton. During his opening statement, trial counsel asserted the defense would provide evidence that Dwyer killed Singleton in self-defense. However, at the beginning of trial, the State provided the defense with a copy of a letter Dwyer had mailed a friend of his, requesting the friend provide a false alibi for Dwyer on the night of the murder. Dwyer did not testify at trial. During the PCR hearing, counsel testified he instructed Dwyer that the decision to testify was up to him, but if Dwyer decided to do so, the State could impeach him with the content of the letter. Counsel averred that both he and Dwyer agreed it was too risky for the latter to testify in his defense.

We find that probative evidence supports the PCR court's finding that trial counsel was not deficient. *See Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court "will uphold [the factual findings of the PCR court] if there is any evidence of probative value to support them"); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing that deficiency is the first prong of an ineffective assistance of counsel claim); *Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) ("Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting *Strickland*, 466 U.S. at 690)); *Matthews v. State*, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002) ("Where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel.").

Additionally, we hold the PCR court did not err by finding Dwyer failed to prove he was prejudiced by trial counsel's alleged error. *See Strickland*, 466 U.S. at 694 (stating that to prove prejudice, a PCR applicant "must show that there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different"). The State presented extensive evidence of Dwyer's guilt, including DNA evidence recovered from Victim's body. Further, Petitioner failed to provide evidence of what testimony he would have offered at trial that would have supported a claim of self-defense.

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.