**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sammy Lee Scarborough, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001898

———————————

Appeal From Dillon County
Larry B. Hyman, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-317
Submitted December 5, 2022 – Filed September 27, 2023

———————————

**AFFIRMED**

———————————

Appellate Defender Taylor Davis Gilliam and Appellate Defender Sarah Elizabeth Shipe, both of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

———————————

**PER CURIAM:** This Court granted certiorari to review the post-conviction relief (PCR) court's finding that Petitioner failed to prove his trial counsel was

ineffective for failing to object to comments made by the State during its closing argument.  We affirm.

Sammy Scarborough was charged with two counts of first-degree criminal sexual conduct (CSC) with a minor and three counts of disseminating obscene material to a minor.  During closing arguments for Scarborough's trial, the State asserted that "[c]ommon sense is what tells you that a five year old, a seven year old, a seven year old[,] and an eight year old don't make this kind of stuff up"; trial counsel did not object.  At the PCR hearing, counsel testified he did not view the argument as vouching, but as an argument that the victims had some basis or source for their knowledge of sexual acts.  Counsel also noted his theory of the cases was that another person, not Scarborough, was the basis of said knowledge.

We find probative evidence supports the PCR court's finding that trial counsel was not deficient for failing to object to the State's comments.  *See Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court "will uphold [the factual findings of the PCR court] if there is any evidence of probative value to support them"); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing that deficiency is the first prong of an ineffective assistance of counsel claim); *Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) ("Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting Strickland, 466 U.S. at 690)).  Counsel's theory of the case was that another person abused the victims, and there was evidence of that abuse presented at trial.  *See Matthews v. State*, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002) ("Where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel.").

Additionally, we hold the PCR court did not err by finding Scarborough failed to prove he was prejudiced by trial counsel's alleged error.  *Strickland*, 466 U.S. at 694 (stating that to prove prejudice, a PCR applicant "must show that there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different").  The State's argument did not constitute vouching because it offered no explicit personal assurances or information outside of the record when arguing for the victims' credibility.  *See Tappeiner v. State*, 416 S.C. 239, 250, 785 S.E.2d 471, 477 (2016) ("Thus, solicitors must confine their closing remarks to the record and reasonable inferences that may be drawn therefrom.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.