**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Midrevius Amone Brown, Appellant.

Appellate Case No. 2013-002764

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-236
Submitted January 1, 2016 – Filed June 1, 2016

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General David A. Spencer, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, for Respondent.

———————

**PER CURIAM:** Midrevius Amone Brown appeals his convictions of assault and battery of a high and aggravated nature and possession of a weapon during the commission of a violent crime, arguing (1) the trial court erred in denying his

motion to dismiss; and (2) the trial court erred by failing to grant an appropriate continuance so Brown could have ballistics testing performed on evidence in his case.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find the trial court did not err in denying Brown's motion to dismiss.  *See State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007) ("The conduct of a criminal trial is left largely to the sound discretion of the trial [court], who will not be reversed in the absence of a prejudicial abuse of discretion."); *State v. Black*, 400 S.C. 10, 16-17, 732 S.E.2d 880, 884 (2012) ("To warrant reversal, an error must result in prejudice to the appealing party.").  First, the trial court did not err in finding the State did not violate Brown's due process rights by returning the gun to the accuser's family before ballistics testing was performed.  *See State v. Cheeseboro*, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001) ("To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means.").  Second, the trial court did not err in finding there were no *Brady v. Maryland*, 371 U.S. 812 (1962), or Rule 5, SCCrimP, violations.  *See State v. Anderson*, 407 S.C. 278, 287, 754 S.E.2d 905, 909 (Ct. App. 2014) ("[A]n individual asserting a *Brady* violation must demonstrate the evidence was (1) favorable to the accused; (2) in the possession of or known by the prosecution; (3) suppressed by the State; and (4) material to the accused's guilt or innocence, or was impeaching." (citing *Kyles v. Whitley*, 514 U.S. 419, 419 (1995))); *Hyman v. State*, 397 S.C. 35, 45, 723 S.E.2d 375, 380 (2012) ("Materiality of evidence is determined based on the reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense." (quoting *Porter v. State*, 368 S.C. 378, 384, 629 S.E.2d 353, 356 (2006))); *Anderson*, 407 S.C. at 287, 754 S.E.2d at 909 ("A reasonable probability is shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." (citing *Hyman*, 397 S.C. at 45-46, 723 S.E.2d at 380)); *Bryant*, 372 S.C. at 315, 642 S.E.2d at 588 ("Similarly, under Rule 5, SCRCrimP, criminal defendants are entitled to their statements, criminal records, and any documents or tangible objects material to the preparation of their defense or intended for use by the prosecution."); *State v. Kennerly,* 331 S.C. 442, 453, 503 S.E.2d 214, 220 (Ct. App. 1998) ("The definition of 'material' for purposes of Rule 5 is the same as the definition used in the *Brady* context."); *id.* at 453-54, 503 S.E.2d at 220 ("[R]eversal [for Rule 5, SCRCrimP violations] is required only where the defendant suffered prejudice from the violation.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  We find the trial court did not err in failing to grant an appropriate continuance. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); *State v. Curtis*, 356 S.C. 622, 632, 591 S.E.2d 600, 605 (2004) ("A party cannot complain of an error which his own conduct created.").

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**